THOMAS, Justice.
This appeal springs from a decree of the chancellor confirming the findings of the master and foreclosing the lien of the appellee on property of the appellants for work done and material furnished in the improvement of the property by removing, stumps from it and covering the surface with several hundred cubic yards of earth.
It was claimed in the bill that the appel-lee was requested by the appellants to clear and fill the land and that there arose an obligation on their part to pay him for the reasonable value of the labor and materials supplied to that end.
The appellants are keenly aggrieved by the outcome of the case, charging first that the appellee agreed to perform a definite express contract for a certain price which had been paid, and second that under the principle of implied contract the award by the court was exorbitant both 'because the yardage of dirt transported to the property was much less than the appellee claimed and the price allowed per yard was unreasonably high. There was a marked disparity in the testimony of witnesses as to the number of yards of earth used and as to the fair amount the appellee should receive for putting each yard in place. The first ranged from about ■ one thousand to about one thousand seven hundred, the second from sixty cents to one dollar and eighty cents.
At the outset we will dispose of appellants’ contention that the decision of the controversy can be influenced by estimates of the value of the property before and after the improvement. Whether the contract was express or implied it formed an arrangement to furnish material and perform labor to change the physical characteristics of the property and no view of it justifies the construction that appellee undertook to make the property more attractive or more valuable. It may be assumed that these were the purposes intended when the appellants engaged the appel-lee, but the latter’s undertaking was only to remove the stumps and raise the surface. Improvement in terms of dollars and cents on the market was, so far as he was concerned, purely incidental. His fortunes were not to fluctuate accordingly as the value of the property depreciated or appreciated. Those elements were utterly foreign to the promise that he be paid the value of the services and materials he provided.
In reality this is a matter in which the appellants take exception to a decree based on testimony that is sharply conflicting. We have often said we will not disturb the chancellor’s findings unless they be clearly shown to be wrong and we have recently held, Harmon v. Harmon, Fla., 40 So.2d 209, that he, in turn, should not interfere with the master’s findings except for just cause, or, to apply the same rule, unless clearly shown to be erroneous. In this case the chancellor did not hear the witnesses, but the master did and the cause was referred to him on the joint motion of counsel for the parties. By confirming the *642 report the chancellor found that no error was made clearly to appear.
The testimony is in dispute about the existence of an express contract for a flat amount or an implied contract to pay a fair price. The master chose to accept the latter version as well he might. Once having adopted this view he had but to determine the number of yards of dirt furnished, the reasonable value of the dirt in place, and the labor expended in removing the stumps.
A few excerpts of the testimony will demonstrate that the master did not go afield in his recommendations to the chancellor. For instance, the appellant, J. H. Moncrief, himself testified that he and ap-pellee had a conversation at the site while the latter was there “doing cleaning and filling” and that “He [appellee] said in his own words, ‘It is taking a lots of dirt to fill these lots.’ I told him to go ahead and put it in there so I would never have to bother it any more so far as putting fili dirt in there is concerned and if I didn’t have the money to pay him I would get it and pay him.” That, in our opinion', is inconsistent with the position that a fixed price was agreed upon and in harmony with the .construction that appellants were to pay for the amount of work and services eventually required. It seems undisputed that this conversation' was preceded by a request by appellee of appellant J. H. Mon-crief that the latter go look at the property because “ ‘It [was] taking a lots of dirt.’ ” Evidently the conversation occurred after appellants had paid appellee considerably more than the amount they now claim was the contract price.
It is clear to us that there was sound reason to hold that there was no arrangement for a definite price for the'whole job and that the amount due was properly to be determined on the basis of quantum m'eruit, that is, the reasonable worth of the services at the time measured by the rate for like work prevailing in the particular’ community.
 We think there was abundant testimony to support the conclusion that the amount _ adjudicated to be owing by the appellants to appellee was a reasonable charge for the work done and materials supplied using as a criterion the values obtaining in the locality at the time.
Even if the charge for earth deposited on the lot were more than we individually thought it should have been there is a good reason why we should not interfere.' Namely, we observe the time-honored self-imposed restriction against disturbing a finding well founded which has been reached by one who has conducted the hearing or trial.
The decree is affirmed.
HOBSON, C.‘j., and TERRELL, SE-BRING, MATHEWS and DREW, JJ., concur.
ROBERTS, J., dissents.