SHARP, Judge.
The history of this case is lengthy and complex. Dykes v. Dykes, 395 So.2d 188 (Fla. 5th DCA), rev. denied, 402 So.2d 609 (Fla.1981). The custody aspects were more difficult than the usual case, as the proceeding involved the application of the then newly adopted Florida’s Uniform Child Custody Jurisdiction Act. §§ 61.1302-1348, Fla.Stat. (1983). Although we denied the former wife the relief requested, we granted her motion for attorney’s fees on appeal, and remanded this issue for the trial court’s determination. The trial court awarded the former wife a $30,000.00 appellate fee, which is the subject matter of this appeal.
The hearing on the fee question for appellate legal services encompassed an incredible five days, and totalled sixteen volumes of recorded testimony. The trial court, inter alia, found that a fund established by the former husband’s grandfather, which totalled $267,000.00, was an asset which belonged to the husband, and thus held that he had a superior ability to pay a reasonable attorney’s fee for legal services for the former wife.
We affirm the trial court’s finding that the substantial fund given to him by his grandfather was the former husband’s asset as there was substantial evidence supporting that determination. Strawgate v. Turner, 339 So.2d 1112 (Fla.1976); Crooks v. Atlantic National Bank, 445 So.2d 1042 (Fla. 5th DCA 1984). It is well settled that an award of attorney’s fees on appeal is governed by the “concept of comparative abilities to secure counsel rather than on a party’s victory.” Thornton v. Thornton, 433 So.2d 682, 684 (Fla. 5th DCA), rev. denied, 443 So.2d 980 (Fla.1983). Therefore, the trial court correctly found that there was an economic disparity between the parties. However, it is the amount of the legal fee awarded that gives us pause.
In the instant case, the former wife retained local and out-of-state counsel. Her Florida attorney testified he spent only 11.45 hours working on the appeal process. Most of his efforts, 108.25 hours, were directed towards discovering the former husband’s assets, and proving the ownership of the fund in question. The out-of-state law firm established through computer records that it spent 332 hours on preparation of the appeal and 613 hours on the attorney’s fee hearing. The trial court found, and we agree, that such amounts of time spent were unreasonable and oppressive.
*1263 With regard to the appeal process, the court found that 240 hours “should have been sufficient time spent for the appeal.” The appellate attorney who represented the former husband testified she spent 66V2 hours on his appeal. Obviously, the representation of an appellant in such a case is more difficult, but it should not be five times more difficult.
Calvin Jenkins, an attorney for the out-of-state law firm, estimated that the total time for preparation and argument for his firm was 184.43 hours. We think the law firm should be bound by those figures. Allowing approximately 11 hours for local counsel’s time and effort, the total of reasonable hours should not have exceeded 196 hours. The trial court found that the hourly rates charged by lawyers in Bre-vard County in 1979-1980 were between $60.00 and $85.00 per hour. Therefore, the award for the preparation for this appeal should have been $16,660.00.
With regard to the attorney’s fee hearing, the trial court found that such a hearing should only reasonably have encompassed two days and that part of the reason for the delay was attributable to the former wife’s out-of-state counsel’s lack of familiarity with Florida trial procedure. It also found that there was no basis for requiring the former husband to pay for multiple representation in this proceeding. Accordingly, it only awarded a total of $9,600.00,[1] for the preparation and conduct of this hearing.
Based on this award, calculated at the rate of $100.00 per hour,[2] and interpolating backwards, the trial judge found that only 96 hours out of the 613 hours estimated for this proceeding were reasonable. We think the trial court in making this award properly considered the elements necessary to determine an award of attorney’s fees. Pfohl v. Pfohl, 345 So.2d 371, 379 (Fla. 3rd DCA 1977), Fla. Bar Code Prof. Resp. D.R. 2-106; 26 Fla.Jur.2d Family Law § 730 (1981); see Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
In this case we think the award of $9,600.00 for the attorney’s fee hearing is well within the trial court’s discretion and should be sustained. Peak v. Peak, 411 So.2d 325 (Fla. 5th DCA 1982); Fla.Jur.2d supra at § 657. However, an award of attorney’s fees in a dissolution case, as well as any others, should only be allowed for services that are shown to have been reasonably incurred. Travieso v. Travieso, 447 So.2d 940 (Fla. 3rd DCA 1984); Donner v. Donner, 281 So.2d 399 (Fla. 3rd DCA), cert. denied, 287 So.2d 679 (Fla.1973). Accordingly, the maximum appellate fee allowable should not have exceeded $16,660.00. Therefore, we reduce the total amount awarded from $30,000.00 to $26,-260.00.
AFFIRMED AS MODIFIED.
THOMPSON, E.R., Jr., Associate Judge, concurs.
DAUKSCH, J., dissents with opinion.

. This amount is arrived at by subtracting the trial court’s award of |20,400.00 for appeal preparation from the total sum ($30,000.00) awarded for fees in this case.

. There was adequate testimony to support the $100.00 rate.