525 So.2d 1015 (1988)
Betty HOOPES, Appellant,
v.
Davidson HOOPES, Appellee.
No. 88-0319.
District Court of Appeal of Florida, Fourth District.
June 1, 1988.
*1016 William D. Anderson, Jr., of William D. Anderson, Jr., P.A., Stuart, for appellant.
Rick Rodgers of Rick Rodgers, P.A., Jensen Beach, for appellee.
HERSEY, Chief Judge.
The first issue we review is the court's award of attorney's fees to the wife in the dissolution of marriage proceedings below.
The wife agreed to pay her attorneys a reasonable fee to be set by the court with a minimum of $135 per hour. At the hearing on attorney's fees the wife's attorney elicited expert testimony to the effect that $150 per hour was a reasonable hourly rate under the circumstances. It was also established that in excess of sixty-three hours had been expended on the case. There was no evidence in opposition. It was established that $1,800 had been paid as temporary attorney's fees. The court awarded additional fees of $6,500 for total attorney's fees of $8,300.
Florida has adopted the federal lodestar methodology for the determination of attorney's fees. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). Under this methodology the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate which produces a "lodestar" which is the objective basis for the award of attorney's fees. Once the lodestar is obtained the court may add or subtract from the fee based upon a "contingency risk" factor and the "results obtained."
The Rowe methodology is applicable to dissolution of marriage cases, see Pollack v. Pollack, 517 So.2d 707 (Fla. 4th DCA 1987), but the contingency risk factor is not to be applied because contingent fee arrangements in domestic relation matters are generally deemed unethical. See Hill v. Hill, 415 So.2d 20, 24 (Fla. 1982); Fla. Bar Rule 4-1.5(D)(3)(a) (1987).
The "results obtained" factor was positive rather than negative on the facts of this case. Accordingly, the uncontroverted testimony establishing a lodestar figure of $9,450 ($150 per hour X 63 hours) established the minimum fee allowable in this case. Because the fee awarded was less than the minimum established by application of the Rowe methodology to the evidence presented, we reverse and remand for a redetermination of attorney's fees based upon the evidence and applying the foregoing analysis.
The second issue we review is whether the trial court erred in failing to award service tax on a portion of the attorney's fees. Section 57.071(3), Florida Statutes (1987), provides in pertinent part that if costs are awarded to any party, "[a]ny sale or use tax due on legal services provided to such party" shall also be allowed. Therefore, if any sales tax was authorized, the trial court should have awarded this as a cost against the husband. From the implementation of the much disputed Florida service tax until it was repealed, the service tax which accrued on the attorney's fee was valid. In re Advisory Opinion To The Governor, 509 So.2d 292 (Fla. 1987). Accordingly, appellant should be allowed in her award of costs and attorney's fees, the tax on that portion of the services rendered while the statute was in effect, i.e., between July 1, 1987, and December 31, 1987.
The order in this case was rendered on January 12, 1988. We have been able to review the order and dispose of the appeal in less than six months because the parties filed an Election of Fastrack which is simply a stipulation to proceed in an expedited fashion under rules promulgated by this court to facilitate the consideration of single issue and other relatively straightforward appeals. This method, where appropriate, streamlines the appellate process, thus producing savings in time and money not only for the litigants but also for the judicial system and the taxpayers who support it.
*1017 We reverse and remand for reconsideration of the award of attorney's fees.
REVERSED AND REMANDED.
DELL and WALDEN, JJ., concur.