563 So.2d 754 (1990)
Patricia LEE, Appellant,
v.
Harold LEE, Appellee.
No. 89-2208.
District Court of Appeal of Florida, Third District.
June 12, 1990.
Rehearing Denied July 27, 1990.
*755 Patricia Lee, in pro per.
Harold Lee, in pro per.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
PER CURIAM.
Appellant contends, as a first issue on appeal, that the trial court should have recused itself on her naked motion suggesting a bias. Her second issue challenges the sufficiency of the former husband's evidence in defense to her motion for contempt for delinquency in making alimony and child-support payments.
We need not labor the first point because the motion for disqualification did not comply with section 38.10, Florida Statutes (1989), which requires an affidavit stating that the movant "fears that he will not receive a fair trial in the court where the suit is pending on account of the prejudice of the judge of that court against the applicant or in favor of the adverse party." Appellant's motion was not supported by an affidavit.
The second point on appeal asks this court to reweigh the evidence, which is not permitted. Findings of fact by a trial judge in a nonjury proceeding will not be set aside on review unless totally unsupported by competent and substantial evidence. Laufer v. Norma Fashions, Inc., 418 So.2d 437 (Fla. 3d DCA 1982). Here the trial judge, who has seen and heard the parties for four years in dissolution of marriage and post-dissolution proceedings, considered the husband's testimonial and documentary evidence of an inability to strictly comply with the support provisions of the judgment. We cannot hold that the evidence fails to support the trial court's decision to deny the motion for contempt. Whether Mr. Lee was credible is not a determination for this court.
Affirmed.