569 So.2d 496 (1990)
Elizabeth J. METTLER, Appellant,
v.
Peter W. METTLER, Appellee.
No. 88-2185.
District Court of Appeal of Florida, Fourth District.
October 10, 1990.
Rehearing Denied November 26, 1990.
*497 Arthur England, Paul R. Lipton, and Linda Ann Wells of Fine Jacobson Schwartz Nash Block & England, Miami, for appellant.
Mark T. Luttier and Odette Marie Bendeck of Gunster, Yoakley, Criser & Stewart, P.A., West Palm Beach, for appellee.
POLEN, Judge.
Elizabeth Mettler seeks review of the trial court's order granting trial and appellate attorney's fees to the former husband and to counsel for the minor children for representation in post-dissolution modification and related appellate proceedings. Appellant alleges error in four areas, one of which we find requires reversal.
During the three-year period following the parties' final judgment of dissolution, both parties filed numerous motions relating to custody of the children and visitation rights as well as the awarding of attorney's fees. The trial court granted former husband's petition for modification, transferring immediate sole parental responsibility for the children to him and granting appellant restricted visitation privileges, and denied appellant's claim for attorney's fees. The trial court reserved jurisdiction on former husband's claim for fees and for the purpose of reapportioning fees already *498 paid the court appointed attorney ad litem. Appellant sought review of the modification order.
In Mettler v. Mettler, 519 So.2d 998 (Fla. 4th DCA 1988), this court affirmed the judgment of modification and granted the attorney ad litem's motion for appellate attorney's fees in accordance with the final judgment and the former husband's motion for appellate attorney fees conditioned upon a determination of entitlement pursuant to the final judgment. The final judgment made specific findings of fact that the file reflected a "pattern of extensive, expensive and needless litigation," that appellant "instigates litigation at considerable expense and aggravation over matters that could easily be resolved if she were reasonable" and that her family's resources had enabled her to pursue "this needless, futile and fruitless litigation."
Former husband filed a motion requesting a hearing on the issue of attorney's fees and costs incurred in trial representation. Former husband subsequently requested an award of appellate fees and an apportionment of the fees already paid to the attorney ad litem for representation at trial. The attorneys ad litem subsequently filed motions for payment of post-trial and appellate attorneys' fees and costs.
Following a two-day evidentiary hearing, the trial court ordered appellant to reimburse former husband $31,993.78 for fees and costs incurred in the modification action. Appellant was also required to pay $10,000 to former husband's attorney for his representation on appeal and $20,535 to appellate counsel for representing the children. The $16,682 awarded trial counsel for the children for post-judgment, non-appellate fees and costs was apportioned twenty-five percent to former husband, and seventy-five percent to appellant.
We find ample support for the trial court's findings as to the former wife's conduct. Her conduct unnecessarily engendered recalcitrant or vexatious litigation and served to frustrate the public policy of this state to promote settlement of litigation and where possible to reduce the cost of litigation by encouraging cooperation between the parties and attorneys.
Appellant argues the trial court erred in taxing costs against her regardless of either her conduct or her family's ample financial resources, when she herself had no ability to pay any portion of the former husband's fees and costs and such an award must be based upon consideration of the financial resources of both parties subject to their individual control. See § 61.16, Fla. Stat. (1987). Contra to the former wife's allegation, the record evidences facts such as the final judgment awarding her lump sum alimony and half interest in the house, some of these funds being used as payment for another house but no disclosure as to use of the remaining funds, and her failure to file a financial affidavit, from which the trial court could have concluded she had some ability to pay.
While the purpose of considering the parties' finances in awarding attorney's fees is to insure that both parties are not limited in their ability to receive adequate representation due to disparate financial status, this equitable principle must be flexible enough to permit the courts to consider cases with special circumstances. Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828, 835 (Fla. 1990). A party's financial status should not insulate them from the consequences of their conduct within the judicial system. See generally Steinfeld v. Steinfeld, 565 So.2d 366 (Fla. 4th DCA 1990); Landers v. Landers, 550 So.2d 554 (Fla. 5th DCA 1989); Meloan v. Cloverdale, 525 So.2d 935 (Fla. 3d DCA 1988). Here appellant abused the system through inequitable conduct which resulted in needless litigation and legal fees. She cannot now avoid the consequences of that conduct by using her diminished financial status as a shield. Rather than impermissibly awarding the fee as a punitive measure, the award was based on the additional work made necessary by appellant. The award serves to avoid an inequitable diminution of former husband's share of the parties' assets. See generally Canakaris v. Canakaris, 382 So.2d 1197 *499 (Fla. 1980); Dyer v. Dyer, 438 So.2d 954 (Fla. 4th DCA 1983).
We affirm the trial court's finding of former husband's entitlement to the award of attorney's fees. We also affirm the awards of attorneys' fees to the two appellate attorneys as the record supports the work was performed with efficiency and without duplication of effort. Nor do we find error in the trial court's apportioning of those fees.
We do find persuasive appellant's assertion of error as to the amount of the post-judgment, non-appellate attorney ad litem fee award because insufficient expert testimony was presented to justify the reasonable value of those services. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985); Ashourian v. Ashourian, 519 So.2d 35 (Fla. 1st DCA 1987); Cottman v. Cottman, 418 So.2d 1241 (Fla. 4th DCA 1982). We therefore reverse and remand as to this point.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
STONE and WARNER, JJ., concur.