624 So.2d 370 (1993)
Patricia C. NASH, Appellant,
v.
Frank L. NASH, Appellee.
No. 92-657.
District Court of Appeal of Florida, Third District.
September 21, 1993.
Sommers & Roth, Peter Ticktin and Brenda J. Feinberg, Miami, for appellant.
Perse & Ginsberg, Ed Perse, and Edward Swan, Miami, for appellee.
Before JORGENSON, GERSTEN and GODERICH, JJ.
PER CURIAM.
The wife, Patricia C. Nash, appeals from an amended final judgment for dissolution of marriage. We affirm, in part, reverse, in part, and remand.
*371 The wife's first contention on appeal is that the trial court erred in failing to follow the dictates of section 61.13, Florida Statutes (1991), by not ordering the husband to provide insurance for the minor children where such insurance was reasonably available to the husband through his employer. We do not have to reach the merits of this claim, at this time, since the husband admitted during oral argument that the three minor children of the parties are currently insured under his health insurance policy and he agreed to keep them on his policy.
Next, the wife contends that the trial court erred in allowing the husband to have unsupervised visitation with the children and in not ordering the husband to undergo counseling. We disagree.
"It is the public policy of this state to assure that each minor child has frequent and continuing contact with both parents after the parents separate or the marriage of the parties is dissolved and to encourage parents to share the rights and responsibilities of childrearing." Section 61.13(2)(b)1, Fla. Stat. (1991). Moreover, "[t]he noncustodial parent should be granted reasonable visitation with a child unless there is proof of extreme circumstances, or the trial court finds that the visitation will adversely affect the welfare of the child." Johnston v. Boram, 386 So.2d 1230 (Fla. 5th DCA 1980) (citing Chaffin v. Grigsby, 293 So.2d 404 (Fla. 4th DCA 1974)).
In the instant case, the trial court heard the evidence and the testimony and concluded that there was no competent substantial evidence to warrant restricting the husband's visitation. See Azar v. Azar, 584 So.2d 185 (Fla. 4th DCA 1991). Based on the record, we find that the trial court did not abuse its discretion either in ordering that the husband have unsupervised visitation with the children or in not requiring that the husband undergo counseling.
The wife also contends that the trial court erred by failing to award her either rehabilitative or permanent alimony. We disagree.
"In determining a proper award of alimony, the court may consider any factor necessary to do equity and justice between the parties." Section 61.08, Fla. Stat. (1991). "The judge possesses broad discretionary authority to do equity between the parties and has available various remedies to accomplish this purpose." Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980).
In the instant case, the trial court awarded the wife $15,000.00 in lump sum alimony, to be paid at the rate of $3,000.00 per year for five years. The trial court reached this decision after observing the parties and listening to all the evidence. Based on the record, we find that the trial court did not abuse its discretion in denying the wife's request for rehabilitative or permanent alimony. Canakaris, 382 So.2d at 1197.
The wife further contends that the trial court erred in awarding a disproportionate amount of the marital assets to the husband without providing any basis on the record for such an inequitable division. We agree.
The record discloses that two of the real properties were held by the parties as tenants by the entireties. However, the trial court did not make a specific finding as to whether the properties owned by the parties were marital or nonmarital assets and whether the husband was entitled to a special equity in any of the properties. We reverse that portion of the final judgment dealing with the equitable distribution of the marital home and the other real estate owned by the parties and remand for findings pursuant to section 61.075, Florida Statutes (1991). See Robertson v. Robertson, 593 So.2d 491 (Fla. 1991); Glover v. Glover, 601 So.2d 231 (Fla. 1st DCA 1992).
Finally, the wife contends that the trial court erred by failing to award the wife attorney's fees where there was a finding that the wife was unable to pay such fees and that the husband was in a superior financial position. We agree.
"It is not necessary that one spouse be completely unable to pay attorney's fees in order for the trial court to require the other spouse to pay these fees." Canakaris, 382 So.2d at 1205. Attorney's fees should be paid by the party who has the superior financial *372 ability to pay. Canakaris, 382 So.2d at 1205; Martinez-Cid v. Martinez-Cid, 559 So.2d 1177 (Fla. 3d DCA 1990). In the instant case, the husband's financial ability is superior to the wife's financial ability.
We are aware that "[a] party's financial status should not insulate them from the consequences of their conduct within the judicial system." Mettler v. Mettler, 569 So.2d 496, 498 (Fla. 4th DCA 1990) (citations omitted). If a party abuses the legal system, that party should not be allowed to recover legal fees by claiming "diminished financial status as a shield." Id. However, the wife's actions, in the instant case, do not amount to "needless, futile and fruitless litigation," Mettler, 569 So.2d at 498, or to frivolous post-judgment motions, Sutter v. Sutter, 578 So.2d 788 (Fla. 4th DCA 1991), or to "baseless litigation," Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A. v. Mullin, 602 So.2d 956 (Fla. 3d DCA 1992), rev. dismissed, 613 So.2d 7 (Fla. 1993), or to an abuse of the judicial process. Thornton v. Byrnes, 537 So.2d 1088 (Fla. 3d DCA 1989).
The record does not support the trial court's conclusion that the wife's actions in this case constituted needless litigation. Therefore, the trial court abused its discretion in denying the wife attorney's fees.
In summary, we affirm the award of lump sum alimony and the trial court's decision not to order the husband to undergo counseling and allowing him unsupervised visitation with the children; we reverse the distribution of property and remand for a finding as to special equity, if any; and we reverse the denial of attorney's fees to the wife and remand for a determination of the amount of attorney's fees to be awarded to the wife.
Affirmed, in part, and reversed in part, and remanded.