GLICKSTEIN, Judge.
This is another domestic ease infected with more heat than light. The index to the record on appeal reflects over 100 entries since the 1989 final judgment of dissolution of marriage. One wonders if the parties should have their own division in the Fifteenth Judicial Circuit. Unfortunately, while this is only the second time this court has dealt with their family controversies,[1] it probably will not be the last, in the absence of a drastic drop in temperature.
As for the merits, we must reverse and remand for more judicial effort at the trial level, primarily because of a change in the law which occurred after the hearing in question. In Miller v. Schou, 616 So.2d 436, 438 (Fla.1993), the Florida Supreme Court held that an increase in ability to pay is itself sufficient to warrant an increase in child support. In her petition for modification of child support, appellant alleged that appel-lee’s financial circumstances had improved. Upon appellee’s refusal to provide appellant with his financial records, the trial court entered an order deeming appellee “able to meet any reasonable child support obligation.” Nevertheless, the trial court failed to consider appellee’s financial circumstances in determining that no change in circumstances had occurred. We direct the trial court on remand to inquire as to appellee’s increased ability to pay child support for the three children who were under eighteen years of age when appellant sought relief.
The trial court’s primary focus on remand should be the best interests of the children in accordance with section 61.13(l)(a), Florida Statutes (1991), not the inability of the mother to manage the funds allocated for the support of her children. See Hendry v. Hendry, 340 So.2d 942 (Fla. 4th DCA 1976). The latter concern can be rectified by practical implementing orders on the part of the trial court, which must also address the applicability of the child support guidelines when the necessary financial information is sorted out. Although the marital settlement agreement recognized that the guidelines were “totally inapplicable” to the parties’ then existing circumstances, the agreement did not address the application of the guidelines to any posb-1989 dispute. Moreover, the minor children’s part-time earnings are not relevant to the instant dispute.
We also reverse the trial court’s denial of appellant’s attorney’s fees. Section 61.-16, Florida Statutes (1991), authorizes a fee award in modification proceedings after consideration of the financial resources of both parties. “While the purpose of considering the parties’ finances in awarding attorney’s fees is to insure that both parties are not limited in their ability to receive adequate representation due to disparate financial status, this equitable principle must be flexible enough to permit the courts to consider cases with special circumstances.” Mettler v. Mettler, 669 So.2d 496, 498 (Fla. 4th DCA 1990). Appellee urges this court to affirm *743 the trial court’s denial of appellant’s fees because the modification proceeding brought by appellant was neither meritorious nor litigated in good faith. While appellant’s financial status does not insulate her from the consequences of her conduct within the judicial system, her claims below were not completely without merit. Furthermore, as previously mentioned, appellee’s financial circumstances remain virtually unknown.
DONNER, AMY STEELE, Associate Judge, concurs.
POLEN, J., concurs specially with opinion.

. See Pariser v. Pariser, 601 So.2d 291 (Fla. 4th DCA 1992).