683 So.2d 579 (1996)
Gail OLDHAM, Appellant,
v.
Stephen L. OLDHAM, Appellee.
No. 95-1436.
District Court of Appeal of Florida, Fourth District.
November 13, 1996.
Rehearing Denied December 17, 1996.
*580 Denise Apter and Joel M. Weissman of Weissman & Manoff, P.A., West Palm Beach, for appellant.
Neil B. Jagolinzer of Christiansen and Jacknin, West Palm Beach, for appellee.
PER CURIAM.
In this dissolution action, the former wife claims error in the trial court's characterization of the appreciation in the land upon which the parties' home was built as nonmarital. We agree, and reverse.
The subject property was owned by the husband prior to the marriage, and was valued at $225,000 on the date of the marriage. During the early years of the marriage, the lot remained vacant, but the former husband maintained the land and paid the property taxes. In preparation for the building of the marital home on the property, the parties expended money on various site improvements to the land. Later, they built a home on the site, which the husband partially financed by mortgaging the property.
At the time of the filing of the petition for dissolution of marriage, the property alone was valued at $375,000. The agreed-upon property appraiser opined that the appreciation in the land was attributed only to the passage of time and market conditions. As a result, the trial court included the proceeds from the sale of the marital home in the equitable distribution, but determined that the enhancement in the value of the land was non-marital.
The trial court's findings with respect to property settlement issues in non-jury dissolution proceedings are presumed correct, Bowen v. Bowen, 347 So.2d 675 (Fla. 3d DCA 1977), and will not be set aside on review unless totally unsupported by competent and substantial evidence. Lee v. Lee, 563 So.2d 754 (Fla. 3d DCA 1990)(citing Laufer v. Norma Fashions, Inc., 418 So.2d 437 (Fla. 3d DCA 1982)).
Section 61.075(5)(a), Florida Statutes (1993) defines a marital asset as:
(1) Assets acquired and liabilities incurred during the marriage, individually by either spouse or jointly by them;
(2) The enhancement in value and appreciation of nonmarital assets resulting either from the efforts of either party during the marriage or from the contribution to or expenditure thereon of marital funds or other forms of marital assets, or both.
Absent a showing that either marital funds, assets, or the work efforts of one or both spouses contributed to the enhanced value of the asset, the appreciated value of one spouse's nonmarital asset occurring during the marriage is not subject to equitable distribution. Cole v. Roberts, 661 So.2d 370 (Fla. 4th DCA 1995); Hanks v. Hanks, 553 So.2d 340 (Fla. 4th DCA 1989). If the nonmarital property is encumbered by a mortgage, however, and marital funds are expended to service the mortgage or to pay taxes, the property then becomes marital even if the enhanced value is due solely to market forces. See Stevens v. Stevens, 651 So.2d 1306 (Fla. 1st DCA 1995).
In the instant case, the record shows that the former husband maintained the land, paid the property taxes, and made considerable other site improvements to the property during the term of the marriage; therefore, we hold that the appreciation should be equitably distributed between the parties. On remand, the trial court should distribute one half of the enhanced value of the land, i.e. one-half of $150,000, to the former wife.
After careful consideration of the trial court's award of rehabilitative alimony we find no error and affirm that part of the award.
In that we have changed the scheme of equitable distribution by our reversal on the former wife's first point, we must of necessity reverse the partial award of attorney's fees to the wife, for the trial court to reconsider in light of the changes in the parties' relative financial circumstances following remand.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
GLICKSTEIN and SHAHOOD, JJ., concur.
POLEN, J., concurs specially with opinion.
*581 POLEN, Judge, concurring specially.
I agree with the majority's disposition as to equitable distribution and rehabilitative alimony. I am also constrained to agree that the reversal of the property awards requires us to reverse the attorney's fee award to the wife as well. But for that, I would not only have affirmed the trial judge's award of a portion of the wife's attorney's fees, but would endorse the method by which he determined a reasonable fee.
In doing so, I would emphasize that in an appropriate dissolution case, as here, once the issue of entitlement to attorney's fees has been determined utilizing the established "need and ability to pay" standard, the trial judge may consider whether litigation was unnecessarily prolonged by a party's unreasonable refusal to accept an offer of settlement, in setting a reasonable attorney's fee. An appropriate case, as pointed out by Judge Gross in his order (quoted in substantial part below), is one where the only issues between the parties are economic issues. This consideration is appropriate under several of the Rowe[1] criteria, including results obtained and the time and labor required.
In his Order Awarding Attorney's Fees, Judge Gross noted that the former husband made a pretrial offer to settle property issues, which offer was nearly $20,000 more favorable than the former wife's ultimate equitable distribution award.[2] After the settlement offer was rejected, the former wife's attorneys expended an additional 120 hours litigating the case. Primary physical custody of the parties' child was never an issue. In determining a reasonable fee to the former wife, the court therefore sought to "impose economic sanity on this field by saying that at some point in time the wife has to act responsibly and bear the risk of rejecting reasonable offers of settlement." In this regard, Judge Gross considered the former wife's rejection of the more favorable offer of settlement in the context of the results obtained criterion of Rowe, and held the former wife responsible for 60% of her attorney's fees.
The cogent logic of Judge Gross' order merits repeating:
The award of attorney's fees in domestic relations cases is unique in jurisprudence. Section 61.16(1), Florida Statutes (1993) provides:
The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter....
In domestic cases, fees and costs are often awarded prospectively, in the beginning of a case and as it progresses. In other types of civil litigation, fees and costs are awarded at the end of the case, after the result has become known and a court has the benefit of hindsight in setting a reasonable fee. Unlike other civil cases, fee awards in domestic cases do not turn on prevailing party status but are governed by the comparative abilities of the parties to secure competent legal counsel. See, Davis v. Davis, 584 So.2d 1117 (Fla. 1st DCA 1991); Dykes v. Dykes, 475 So.2d 1261 (Fla. 5th DCA 1985). Where one party has a greatly superior income producing ability and assets, an award of attorney's fees to the less financially secure spouse is appropriate. E.g., Kuczwanski v. Kuezwanski, 602 So.2d 623, 624 (Fla. [4th DCA] 1980 [1992]); Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla. 1980). To set a reasonable fee in a domestic case, a court must use the methodology outlined in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). Hoopes v. Hoopes, 525 So.2d 1015, 1016 (Fla. 4th DCA 1988).
The issue in this case is whether, in setting a reasonable fee in a domestic case, a court may properly take into consideration the results obtained at trial, in light of settlement offers made during the litigation. Under Rowe, a trial court may take the "results obtained" at trial into account *582 in setting a reasonable fee. In Hoopes v. Hoopes, the Fourth District discussed the application of Rowe methodology in a domestic relations case.
* * * * * *
[U]nder this methodology, the number of hours reasonably expended on a litigation is multiplied by a reasonable hourly rate which produces a "lodestar" which is the objective basis for the award of attorney's fees. Once the lodestar is obtained the court may add or subtract from the fee based upon a "contingency risk" factor and the "results obtained." 525 So.2d at 1016. The Hoopes court specifically applied the "results obtained" factor in that case and found it to be "positive rather than negative." Id. at 1016. Thus, under Hoopes and Rowe, this court may take into consideration the results obtained at trial in evaluating the Wife's request for additional fees and costs. Consideration of this factor imposes economic rationality in litigation too often driven by emotions. There should be a financial incentive for the pecunious spouse to make a reasonable and generous settlement offer in a divorce proceeding. Similarly, there should be some economic incentive on the non-fee paying spouse to critically and realistically evaluate settlement offers. (It is important that this case did not involve child custody issues. Parties should not be subject to economic pressures when it comes to their children. Rather, they should be guided by the children's best interest.)
The Wife argues that the Court should not reduce a fee award based on the results obtained, because she was not engaged in "needless, futile and fruitless" litigation, frivolous post-judgment motions, "baseless litigation" or otherwise abused the judicial process. Mettler v. Mettler, 569 So.2d 496 (Fla. 4th DCA 1990); Nash v. Nash, 624 So.2d 370, 372 (Fla. 3d DCA 1993); Pariser v. Pariser, 636 So.2d 741 (Fla. 4th DCA 1993). Mettler and Nash do not address the Hoopes/Rowe issue decided in this case. Rather, Mettler concerned the responsibility of the "poorer" party for the "richer" party's fees. The trial court in Mettler had ordered the Wife to reimburse the Husband $31,993.78 for fees and costs incurred, to pay $10,000 to the Husband's attorney for his representation on appeal and to pay $20,525 to appellate counsel for representing the children. Nash involved a complete denial to the Wife of attorney's fees in the absence of the conduct described above which would amount to abuse of the legal system.
But for our reversal of the equitable distribution award, I would hold that the trial judge properly considered the wife's unreasonable rejection of an offer of settlement in setting the amount of a reasonable attorney's fee.
NOTES
[1] Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
[2] Of course, that will no longer be the case after the trial court readjusts the equitable distribution pursuant to our remand.