778 So.2d 438 (2001)
Edward BECKER, Appellant,
v.
Alice M. BECKER, Appellee.
No. 1D00-848.
District Court of Appeal of Florida, First District.
February 14, 2001.
*439 David C. Braun, Lake City, for Appellant.
Daniel C. O'Rourke, Destin, for Appellee.
PER CURIAM.
This appeal arises from a marital dissolution proceeding. The appellant husband asserts that the trial court erred in its February 17, 2000, order by: (1) awarding the appellee wife attorney fees for the husband's contempt without making a finding regarding the husband's present ability to pay or the wife's need for the fee award, (2) giving the wife's attorneys too much control over the husband's assets and limiting his income to his monthly social security payments, (3) ordering what amounted to an informal partition sale of the parties' Minnesota property without either party requesting partition, and (4) naming the wife's attorneys as escrow agents for proceeds from the sale of the parties' property and receivers of the husband's pension payments. We affirm the trial court's order.
The husband argues the trial court awarded the wife attorney fees without assessing his ability to pay or the wife's need for such an award. See Warnhoff v. Warnhoff, 493 So.2d 52 (Fla. 4th DCA 1986). While the record on appeal does not indicate the trial court made an express finding regarding the husband's ability to pay the fees, such a finding was not required under the circumstances. In Mettler v. Mettler, 569 So.2d 496, 498 (Fla. 4th DCA 1990), the appellate court held that a party cannot avoid the consequences of inequitable conduct by using "diminished financial status as a shield." In the instant case, the three show cause orders issued by the trial court demonstrate the instant appellant's consistent disregard for the trial court's directions. As in Mettler, the trial court found that the husband's "antagonistic" and "willful" actions contributed to the amount of attorney fees incurred by the wife. Just as in Mettler, it would have been inequitable for the trial court to allow the husband to use financial status as a shield to protect himself from suffering the consequences of abusing the judicial system.
The husband also argues that the trial court's February 17, 2000, order was unduly broad and restrictive because it barred him from all of his assets except his social security benefits. This pertains to the requirements of the August 2, 1999, trial court order. Accordingly, the appeal is untimely. Moreover, the argument is being raised for the first time on appeal. Therefore, it is not subject to review by this Court. See Fla.R.App.P. 9.130(b); Wilkerson v. Alachua County, 675 So.2d 951, 952 (Fla. 1st DCA 1996).
Third, the husband argues the trial court did not have the authority to order the sale of the parties' Minnesota property. In a dissolution proceeding, a trial court has no authority to partition jointly held property without an appropriate pleading or argument by the parties. Britt v. Britt, 552 So.2d 323, 324 (Fla. 1st DCA 1989). However, this issue pertaining to the wife's dissolution petition is being raised for the first time on appeal and is not subject to review by this Court. See Wilkerson, 675 So.2d at 952; Garcia v. Garcia, 445 So.2d 1093 (Fla. 3rd DCA 1984)(holding it could not assess appellant's argument concerning a pleading deficiency because the argument was not raised at the trial court level).
*440 Finally, the husband argues the trial court erred by authorizing the wife's attorneys to be receivers for his pension benefits and escrow agents for the sale proceeds of the parties' Minnesota property. By its order entered on August 2, 1999, the trial court adopted the suggestion of the husband's attorney that the pension proceeds be remitted to a trust account administered by the wife's attorneys. The husband did not timely appeal and cannot raise this for the first time as an error on appeal. See Fla.R.App.P. 9.130(b); Wilkerson, 675 So.2d at 952.
AFFIRMED.
BOOTH, DAVIS and POLSTON, JJ., concur.