PER CURIAM.
Former husband appeals from a final order awarding attorney’s fees to the former wife in a post-dissolution enforcement action. We affirm.
The trial court properly ratified the general master’s finding that the former husband was vexatiously litigious, as there is competent substantial evidence to support the finding. See Moncrief v. Hall, 63 So.2d 640 (Fla.1953) (“It has long been the law in Florida that a trial judge may not reject a master’s findings of fact unless the court concludes that the findings of fact are clearly erroneous.”).
Furthermore, the trial court properly rejected the master’s recommendation to reduce the fee award by fifty percent. The master cited no legal basis for the reduction, despite having made specific findings that the former wife was entitled to a fee award[1] and that her claimed fees were reasonable. See Schafroth v. Schafroth, 610 So .2d 649 (Fla. 3d DCA 1992) (holding that “the master’s determination—unlike a finding of fact on disputed evidence—did not bind the trial court, which was, to the contrary, required to set it aside.”); see also Mounce v. Mounce, 459 So.2d 437 (Fla. 3d DCA 1984).
Finally, the former husband has failed to preserve for review his claim that there was an unreasonable delay between the initial hearing and entry of the final order. See Ascontec Consulting, Inc. v. Young and Young Investments, Inc., 714 So.2d 585, 587 (Fla. 3d DCA 1998); Reis v. Reis, 739 So.2d 704, 705 (Fla. 3d DCA 1999). Accordingly, the order is
AFFIRMED.

. The master found that the former husband has a superior financial ability to pay the former wife's fees and that the former husband alone was responsible for the unnecessary litigation. See Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla.1980) ("It is not necessary that one spouse be completely unable to pay attorney’s fees in order for the trial court to require the other spouse to pay these fees....”); Nash v. Nash, 624 So.2d 370, 371-372 (Fla. 3d DCA 1993) ("Attorney’s fees should be paid by the party who has the superior financial ability to pay.”) (citations omitted); Mettler v. Mettler, 569 So.2d 496, 498 (Fla. 4th DCA 1990) (holding that it is proper to award fees for "inequitable conduct which resulted in needless litigation and legal fees”).