DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SRINATH SUBRAMANIAN,**
Appellant,

v.

**VEENA SUBRAMANIAN,**
Appellee.

Nos. 4D17-3400, 4D17-3603
and 4D18-268

[December 5, 2018]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lester Langer, Senior Judge; L.T. Case No. FMCE14-000510(35).

Lori D. Shelby of the Law Office of Lori D. Shelby, Fort Lauderdale, for appellant.

Terrence P. O'Connor of Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, for appellee.

WARNER, J.

Appellant, former husband, challenges the trial court's final judgment awarding attorney's fees to the former wife and guardian ad litem, which award was based upon the appellant's vexatious litigation. The trial court determined the entitlement to fees in the final judgment of dissolution of marriage after a contentious ten-day trial where appellant represented himself. It awarded fees against the appellant, relying on *Mettler v. Mettler*, 569 So. 2d 496 (Fla. 4th DCA 1990) and *Rosen v. Rosen*, 696 So. 2d 697 (Fla. 1997). We affirm.

Appellant contends that his due process rights were violated because he was not given notice that the court would determine entitlement to attorney's fees during the trial on the dissolution. We disagree that he was denied due process. First, the order setting the case for trial identified attorney's fees as an issue at trial. Second, even if the order was not specific to the continued trial date, both in opening and closing argument, the former wife requested fees based upon vexatious litigation.

Furthermore, both parties addressed entitlement to fees in closing argument. In addition, during his case, the husband called his former attorney to address the scope of litigation, thus addressing the issue of vexatious litigation. Third, although he points to the court's statement that it would deal with the multiple motions for attorney's fees at the end, it appears to us that these comments were directed to whether the attorneys should testify in the dissolution trial as to the services rendered for the *amount* of fees, not entitlement. Thus, at the very least, the issue of entitlement was tried by implied consent. *See D.J. v. Dep't of Children and Families*, 9 So. 3d 750, 755 (Fla. 2d DCA 2009) (finding because parties argued the contested issue during closing arguments and the opposing party did not object to evidence on the issue, the issue was tried by implied consent, and the party's due process rights were not violated). No fundamental due process error occurred.

We affirm as to the remaining issues. With respect to the final calculation of attorney's fees and costs in the order granting fees to the former wife, there was a scrivener's error in the column assessing fees to the appellant. While the court ordered that the appellant pay sixty percent of the wife's fees and costs, the figure in the husband's column for the wife's trial attorney represents the entire fee. However, the ultimate amount that the husband was ordered to pay—$347,216.25—is sixty percent of all fees, including the appellate fees due to the wife's attorney. Thus, on remand the court should correct the clerical error in the judgment.

*Affirmed and remanded for correction of judgment.*

DAMOORGIAN and KUNTZ, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

2