MILLER, J.
*1209 "[A] [general] [m]aster's findings of fact and conclusions of law come to the trial court clothed with a presumption of correctness, and the trial court may only reject these findings and conclusions if they are clearly erroneous or if the [general] [m]aster has misconceived the legal effect of the evidence presented." De Clements v. De Clements, 662 So. 2d 1276, 1282 (Fla. 3d DCA 1995) (en banc) (citations omitted). Here, as the general master's factual findings were supported by competent, substantial evidence, and the recommendations were not clearly erroneous, they were properly adopted by the trial court. Accordingly, we affirm. See Robinson v. Robinson, 928 So. 2d 360, 362 (Fla. 3d DCA 2006) ("Where a general master has been appointed for fact-finding and to recommend disposition of pending issues, the trial court is bound by the general master's factual findings[,] unless they are not supported by competent[,] substantial evidence or are clearly erroneous.") (citations omitted); Sonson v. Sonson, 815 So. 2d 685, 686 (Fla. 3d DCA 2002) (holding the "trial court properly ratified the general master's finding [of fact], as there [was] competent[,] substantial evidence to support the finding") (citing Moncrief v. Hall, 63 So. 2d 640 (Fla. 1953) ); see also Ward v. Dones, 90 So. 3d 826, 828 (Fla. 3d DCA 2012) (holding the trial court "exceeded the scope of permissible review" in reweighing evidence "rather than determining whether the [general magistrate's] findings [of fact] were supported by competent[,] substantial evidence").
Affirmed.