# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

WHITNEY W. WILSON,

Appellant,

v.

WILLIAM M. HURTER,

Appellee.

No. 2D2024-1954

_____

September 26, 2025

Appeal from the Circuit Court for Pinellas County; William H. Burgess, III, Judge.

Matthew E. Thatcher of The Solomon Law Group, P.A., Tampa, for Appellant.

Stephen D. Gregg of Meros, Smith, Brennan, Brennan & Gregg, P.A., St. Petersburg, for Appellee.

MORRIS, Judge.

Whitney Wilson, the former wife, appeals a final judgment dissolving her marriage to William Hurter, the former husband. The former husband concedes that the trial court erred in its imputation of income to the former wife for the purpose of child support and that the trial court erred in its manner of valuing the marital interest in the premarital home that the former wife owns with her father. We agree

and reverse on those issues; we affirm the final judgment in all other respects.

In the final judgment of dissolution, the trial court found as follows when ruling on the issue of child support:

> At Husband's request, the Court took judicial notice of the U.S. Census Bureau's data for the median earnings for full-time, year-round civilians employed as Lawyers who are 16 years of age and older, which median earnings for women is $134,805.00 per year (the "Median Income Data"). The Court finds that Wife should be imputed gross income at $134,805.00 per year at this time based on the Median Income Data and probably earnings based on her qualifications and licensing as an attorney in the State of Florida, resulting in a net monthly income of $11,234.00 after federal income taxes, FICA Social Security, and FICA Medicare deductions have been removed. Wife did not testify to any additional deductions.

Section 61.30(2)(b), Florida Statutes (2021), provides that a trial court shall impute monthly income to a voluntarily unemployed or underemployed parent and that "the employment potential and probable earnings level of the parent shall be determined based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community if such information is available." Reports from the United States Bureau of the Census may create a rebuttable presumption of imputed income "[i]f the information concerning a parent's income is unavailable, a parent fails to participate in a child support proceeding, or a parent fails to supply adequate financial information in a child support proceeding." *Id.* In addition, subject to exceptions not relevant here, income may not be imputed based upon

> [i]ncome at a level that a party has never earned in the past, unless recently degreed, licensed, certified, relicensed, or recertified and thus qualified for, subject to geographic location, with due consideration of the parties' existing time-

2

sharing schedule and their historical exercise of the time-sharing provided in the parenting plan or relevant order.

§ 61.30(2)(b)(2)(b); *see also Tutt v. Hudson*, 299 So. 3d 568, 570 (Fla. 2d DCA 2020) ("[I]ncome may not be imputed at a level which the former spouse has never earned, absent special circumstances." (alteration in original) (quoting *Stein v. Stein*, 701 So. 2d 381, 381 (Fla. 4th DCA 1997))).

As the former wife argues and the former husband concedes, there was adequate financial information provided by both parties relating to the former wife's income and that information shows that the former wife never earned more than $106,000 per year. Thus, the trial court erred in imputing income to the former wife in the amount of $136,000 per year based on U.S. Census data. Accordingly, we reverse this portion of the final judgment and remand for the trial court to conduct further proceedings on the former wife's imputation of income for the purpose of child support.

Next, the former wife argues that the trial court erred in calculating the marital interest in her premarital home. She claims that the trial court erred in failing to account for the fact that she jointly owns the home with her father. She further argues that any potential marital interest is limited to the enhanced value of the home that is attributable to the contribution of marital funds during the marriage and that the payment of taxes and insurance did not enhance the value of the home. The former wife asserts that repairs made during the marriage should only be considered if they enhanced the value of the home and that the former husband did not present competent, substantial evidence that such repairs enhanced the value.

The former husband argues that the trial court properly awarded him an equitable interest in the premarital home based on active

3

improvements during the marriage. However, he concedes that the trial court erred in its methodology of valuing the equitable interest.

In the final judgment, the trial court found the following:

> Wife jointly owns real property . . . with her father. Wife's Home was purchased prior to the marriage and Husband's name was never added to the deed of the Wife's Home. Therefore, the Court finds the Wife's Home is her non-marital asset. However, the Court finds Husband's testimony credible as to the amounts of marital funds spent to maintain, preserve, and improve the Wife's Home ($48,000.00 paid for property taxes—average of $8,000.00 per year for years 2014-2020; $9,000.00 for property insurance—average of $1,500.00 per year from 2014-2020; $10,000.00 paid to add an air conditioning unit and additional ductwork to Wife's Home; $5,000.00 for new carpet; and $3,000.00 for new blinds), totaling $72,000.00.

In the equitable distribution schedule, the trial court valued the marital interest in the premarital home as $72,000, awarded that amount to the former wife as a marital asset, and ordered the former wife to make an equalizing payment to the former husband of $36,523 as a result of the schedule.

The trial court erred in its calculation of the marital interest in the former wife's premarital home because the trial court considered marital expenditures without evidence or findings that those expenditures enhanced the value of the premarital asset and because the trial court failed to consider that the former wife has only a fifty percent interest in the premarital home. Section 61.075(6)(a)1.b. provides that "[m]arital assets" include "[t]he enhancement in value and appreciation of nonmarital assets resulting from the efforts of either party during the marriage or from the contribution to or expenditure thereon of marital funds or other forms of marital assets, or both." "Nonmarital assets" include "[a]ssets acquired . . . by either party prior to the marriage."

4

§ 61.075(6)(b)1. "Absent a showing that either marital funds, assets, or the work efforts of one or both spouses contributed to the *enhanced value of the [nonmarital] asset,* the appreciated value of one spouse's nonmarital asset occurring during the marriage is not subject to equitable distribution." *Barner v. Barner,* 716 So. 2d 795, 797 (Fla. 4th DCA 1998) (quoting *Oldham v. Oldham,* 683 So. 2d 579, 580 (Fla. 4th DCA 1996)). A "trial court should consider whether the marital funds or labor expended on a nonmarital asset *resulted in its appreciation.* It is only where appreciation occurs as a result of the marital effort or funds that the enhancement of nonmarital property may be considered a marital asset." *Id.* at 797-98.

The former husband concedes that the property taxes and insurance (totaling $57,000) should not have been included but argues that the trial court should determine whether the remaining expenditures enhanced the value of the property. The former husband also concedes that the trial court erred when it failed to account for the fact that the former wife jointly owns the premarital asset with her father. We reverse this portion of the final judgment and the accompanying equitable distribution scheme and remand for the trial court to conduct a proper evaluation under section 61.075(6)(a)1.b. If the trial court finds that the value of the premarital asset has been enhanced from marital contributions, the distributable amount should only be half of the enhanced value based on the former wife's joint ownership with her father.

Affirmed in part; reversed in part; remanded with instructions.

NORTHCUTT and KHOUZAM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.