DANIEL, Chief Judge.
Janice Landers (the mother) appeals from an order denying her motion to modify a custody order and from an order granting Edward Landers’ (the father) motion for attorney’s fees. We find merit only in the mother’s second point on appeal — that the trial court abused its discretion in granting the father’s motion for attorney’s fees.
Section 61.16, Florida Si ¿tutes (1987), provides authority for the award of attorney's fees in proceedings to enforce or modify a dissolution judgment. The statute states that the court may, from time to time, “after considering the financial resources of both parties” order a party to pay attorney’s fees. A hearing was held on the father’s request for attorney’s fees and the parties stipulated that a reasonable fee, if granted, would be $8,700. The mother testified that her legal expenses were some $16,000 of which she has paid $5,000 and still owes $11,000. She further testified that she is paying the balance on a monthly basis and is attempting to borrow money from her family members to assist in the payment of such fees. According to her financial affidavit the mother receives an annual net income of $17,732 together with $9,000 per year child support from an earlier marriage as well as school tuition for the two children from such earlier marriage. Her financial affidavit also reveals an income of approximately $4,000 per year from a second job. Deducting her- ex *555 penses from her income leaves a plus balance of $51 per week.
The father testified that he is self employed and is in need of assistance in the payment of his attorney’s fees. His financial affidavit shows an annual net income of approximately $32,000 with weekly expenses exceeding his weekly net income by $400. He has $3,200 in cash savings, $18,-000 in stocks, bonds or notes, a home valued at $200,000 and a separate parcel of property valued at $30,000. He owns two cars with a total value of $40,000 and lists mortgages totaling $155,000 and consumer loans of $20,500 as liabilities.
A review of all the evidence indicates that the mother’s ability to obtain counsel is not superior to the father’s and that, in fact, both parties have substantially equal ability to pay their own attorney’s fees. We therefore find that the trial court abused its discretion in ordering the mother to pay the father’s fees. See Wismar v. Wismar, 522 So.2d 552 (Fla. 5th DCA 1988); Sumner v. Sumner, 480 So.2d 706 (Fla. 5th DCA 1986); Ariko v. Ariko, 475 So.2d 1352 (Fla. 5th DCA 1985).
Having so found, we are constrained to comment on the father’s assertion that he is entitled to attorney’s fees because the mother’s underlying cause of action was baseless and brought in bad faith. We do not find such to be the case in this instance but, instead, a somewhat overzealous attempt by the mother to regain custody of her son. Continued pursuit of such action without meaningful basis supported by competent evidence could, however, justify an award in the future. See § 57.105, Fla.Stat. (1987).
Accordingly, the order awarding attorney’s fees to the father is vacated. The order denying the petition for modification is affirmed.
AFFIRMED in part; VACATED in part.
SHARP, W., J., and PETERSON, E.W., Jr., Associate Judge, concur.