578 So.2d 788 (1991)
Jean SUTTER, Appellant,
v.
Robert SUTTER, Appellee.
No. 90-0149.
District Court of Appeal of Florida, Fourth District.
April 17, 1991.
Rehearing Denied May 28, 1991.
Stuart R. Michelson of Law Offices of Stuart R. Michelson, North Miami, for appellant.
Raymond J. Doumar of Dykema Gossett, Fort Lauderdale, for appellee.
POLEN, Judge.
Jean Sutter, the former wife, appeals an award of $10,097.50 in attorney's fees against her, and in favor of her former husband, Robert Sutter. The award was made in response to the former husband's request therefor, in response to a period of some four and a half years of voluminous post-final judgment litigation. While the following recapitulation of post-judgment motions and responses thereto does not purport to be all inclusive, it provides a fairly accurate barometer of the extent to which the parties, particularly the former wife, attempted to use the judicial system to air her various grievances:
Between November 19, 1984, and August 25, 1989, the former wife filed some twenty-nine motions, of which five were granted. The former husband filed thirteen motions, many of which were responsive to *789 the former wife's various motions, of which six were granted. There were also three motions filed by the court sua sponte. Of the various motions not granted, some were denied, some were determined to be moot, and some were referred to a general master for the taking of testimony and a recommendation.
Most of these motions and responses dealt with the parties' minor children. The nature of the post-judgment litigation is best described in the words of the trial judge who suffered this extraordinary assault on judicial time and patience:
Within six months of the dissolution, the Respondent, Jean Sutter began to file Motions for Contempt and Motions to Modify the Property Settlement Agreement and Child Custody Agreement. Although the motions were not without merit, they were essentially denied. What followed for the next four and one-half years was a steady stream of motions from the Respondent. Most of these were re-argued a number of times despite there being no change in the basis for the motion. Respondent has been represented by more than a handful of attorneys and has appeared pro se a number of times. The court has considered this abuse of the judicial process as one factor in deciding the issues of attorney's fees. See Thornton v. Byrnes, 537 So.2d 1088 (Fla. 3d DCA 1989).
In Mettler v. Mettler, 569 So.2d 496 (Fla. 4th DCA 1990), we held
A party's financial status should not isolate them from the consequences of their conduct within the judicial system. See generally Steinfeld v. Steinfeld, 565 So.2d 366 (Fla. 4th DCA 1990); Landers v. Landers, 550 So.2d 554 (Fla. 5th DCA 1989); Meloan v. Cloverdale, 525 So.2d 935 (Fla. 3d DCA 1988). Here appellant abused the system through inequitable conduct which resulted in needless litigation and legal fees. She cannot now avoid the consequences of that conduct by using her diminished financial status as a shield.
In the instant case, as in Mettler, we recognize that there is a disproportionate earning capacity in favor of the former husband. The trial court below made the specific finding that the former wife has the ability to pay the former husband's attorney's fees. This is not the same as saying that the former wife is in a better financial position than the former husband. Rather, we take it as an acknowledgment that although the former husband's income is considerably greater than the former wife's, the former wife does have income and other assets which, given a reasonable period of time, would permit her to pay attorney's fees to the former husband.
However, in noting the disparate financial circumstances, we are compelled to the conclusion that notwithstanding the former wife's responsibility for the payment of attorney's fees because of litigiousness, the amount of attorney's fees thus awarded was disproportionate to her ability to pay. We therefore reverse and remand this cause to the trial court to reconsider, in light of the existing record, an appropriate amount of attorney's fees for the former wife to pay the former husband for this post-judgment litigation. (In the alternative, in the trial court's discretion, additional testimony may be taken as to this issue.)
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THE FOREGOING.
HERSEY, C.J., concurs.
WALDEN, JAMES H., Senior Judge, dissents without opinion.