GROSS, C.J.
 

 This is an appeal of an award of $1,440 in attorney’s fees. We reverse because there was no legal basis to justify the award.
 

 Jillian and Kelvin Nedd settled a lawsuit with Willie Gary. As part of the settlement, Gary filed a notice of voluntary dismissal of his action against the Nedds. The Nedds filed a motion to enforce their settlement with Gary, contending that the dismissal should have been with prejudice. Gary opposed the motion. Without specifying the basis for his request, Gary sought an award of attorney’s fees for having to defend against the motion.
 

 At a hearing on the Nedds’ motion, the circuit judge denied it. Gary brought up his request for attorney’s fees. The court found that Gary was entitled to reasonable fees, observing that the Nedds’ “motion did not have a great degree of success.” At a later hearing to set the amount of fees, the Nedds challenged the court to identify the authority under which it was awarding them. The judge stated that the award was not imposed as a sanction, but he declined to state the basis for his ruling. In a written final judgment that was silent as to the grounds for the award, the court awarded Gary $1,440 in fees.
 

 On appeal, the Nedds argue that the trial court abused its discretion because no statute or contract authorized Gary to recover fees and the judge expressly stated that he was not imposing fees as a sanction. Gary responds that the fee award was an exercise of the judge’s inherent ability to sanction a party for a frivolous motion.
 

 A trial court has limited authority to award attorney’s fees. “[Ajttorney fees may be awarded by a court only when authorized by statute or by agreement of the parties.”
 
 Fla. Patient’s Compensation Fund v. Rowe,
 
 472 So.2d 1145, 1148 (Fla.1985) (citations omitted). However, “[t]his state has recognized a limited exception to this general American Rule in situations involving inequitable conduct.”
 
 Id.
 

 Here, there was no agreement authorizing an award of fees. Gary has pointed to no statute that supports the award. Section 57.105, Florida Statutes (2007), cannot support an award of fees. Gary did not serve the Nedds with a section 57.105 motion 21 days before filing it with the court.
 
 See
 
 § 57.105(4), Fla. Stat.
 
 *1030
 
 (2007);
 
 see also Burgos v. Burgos,
 
 948 So.2d 918, 919 (Fla. 4th DCA 2007) (holding that attorney’s fees were not recoverable under section 57.105 because attorney filed motion for fees three days after the voluntary dismissal on which the motion was based, thereby violating subsection 57.105(4)).
 

 The last possible basis for an award of fees is the inequitable conduct doctrine. The facts of this case do not rise to that egregious level necessary to justify the assessment of attorney’s fees.
 

 Gary acknowledges that
 
 Bitterman v. Bitterman
 
 defines the contours of the inequitable conduct doctrine, which:
 

 permits the award of attorney’s fees where one party has exhibited egregious conduct or acted in bad faith.... We note that this doctrine is rarely applicable. It is reserved for those extreme eases where a party acts “in bad faith, vexatiously, wantonly, or for oppressive reasons.” “Bad faith may be found not only in the actions that led to the lawsuit, but also in the conduct of the litigation.”
 

 714 So.2d 356, 365 (Fla.1998) (citations omitted). This court has warned that “[a] court is authorized to award [inequitable conduct] fees only '[i]n very limited circumstances.’ ”
 
 T/F Sys., Inc. v. Malt,
 
 814 So.2d 511, 513 (Fla. 4th DCA 2002) (quoting
 
 Bane v. Bane,
 
 775 So.2d 938, 941 n. 3 (Fla.2000)) (second alteration in original).
 

 This case does not demonstrate the extreme litigation misconduct that warrants sanctions under the inequitable conduct doctrine. For example, in
 
 Sutter v. Sutter,
 
 578 So.2d 788, 789 (Fla. 4th DCA 1991), we affirmed a fee award under the doctrine where the appellant, the offending party, filed “a steady stream of motions” over 4.5 years. “Although the motions were not without merit, they were essentially denied.”
 
 Id.
 
 Nonetheless, the appellant “re-argued [those motions] a number of times despite there being no change in the basis for the motion[s].”
 
 Id.
 
 This court held that the “appellant abused the system through inequitable conduct which resulted in needless litigation and legal fees.”
 
 Id. See also Bitterman,
 
 714 So.2d 356 (affirming award of attorney’s fees as an exercise of the inequitable conduct doctrine when the offending party “attempted] to void certain provisions of the will,” including one he “acknowledged ... was clear and unambiguous;” played “endless discovery games”; and made numerous allegations that the estate’s personal representative breached his fiduciary duty).
 

 Here, unlike the offending party in
 
 Sutter,
 
 the Nedds did not generate a torrent of motions and relitigate issues
 
 ad museum.
 
 The Nedds filed one motion and the judge denied it. While the motion may not have had “a great deal of success,” that finding is insufficient to justify an award of fees under the inequitable conduct doctrine. In addition, the court’s finding lacks the “high degree of specificity in the factual findings” required for a judge to impose the sanction.
 
 Moakley v. Smallwood,
 
 826 So.2d 221, 227 (Fla.2002). The court’s order did not set forth “detailed factual findings describing the specific acts of bad faith conduct that resulted in the unnecessary incurrence” of attorney’s fees.
 
 Id.
 

 For these reasons, we reverse the final judgment for attorney’s fees and remand to the circuit court for the entry of judgment in favor of the Nedds.
 

 POLEN and LEVINE, JJ., concur.