NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WILLIAM ANDERSON, )
)
        Appellant,       )
)
v.          )    Case No. 2D14-2605
)
LAURA McDONOUGH, as Personal  )
Representative of the Estate of   )
Helen E. Anderson, Deceased; and )
RUBY YVONNE BAIN,    )
)
        Appellees.      )
_____ )

Opinion filed April 8, 2016.

Appeal from the Circuit Court for
Charlotte County; George C. Richards,
Judge.

Robert P. Henderson of The Law Office
of Robert P. Henderson, Fort Myers,
for Appellant.

Robert L. Donald of Law Office of Robert
L. Donald, Fort Myers, for Appellees.


NORTHCUTT, Judge.

       William Anderson appeals a final order requiring him to pay $51,897.00 in

attorney's fees and $10,007.69 in costs to his mother's estate following Anderson's

unsuccessful will contest. We reverse the fee award because it was not supported by

the law or evidence.  We also reverse the costs award but remand for it to be recalculated.

Anderson's mother excluded his brothers and him from her will, leaving everything to their aunt.  Anderson brought suit challenging the will on several grounds. The circuit court upheld the will in a judgment that we have affirmed in a separate opinion released this date.  Anderson v. McDonough, No. 2D14-1139 (Fla. 2d DCA April 8, 2016).  In this appeal, Anderson challenges fee and costs awards imposed against him.

The Estate filed a motion for fees citing section 733.106, Florida Statutes (2011), which provides as follows:

> (1) In all probate proceedings costs may be awarded as in chancery actions.
>
> (2) A person nominated as personal representative, or any proponent of a will if the person so nominated does not act within a reasonable time, if in good faith justified in offering the will in due form for probate, shall receive costs and attorney's fees from the estate even though probate is denied or revoked.
>
> (3) Any attorney who has rendered services to an estate may be awarded reasonable compensation from the estate.
>
> (4) When costs and attorney's fees are to be paid from the estate, the court may direct from what part of the estate they shall be paid.

(Emphasis added.)  This statute authorizes an award of fees to be paid from the estate and even from a specific portion of the estate.  But it does not authorize the imposition of a fee award against a person beyond what may be paid from his or her share of the estate.  In this appeal, the Estate concedes this.  See Snyder v. Bell, 746 So. 2d 1100,

- 2 -

1104 (Fla. 2d DCA 1999) ("[S]ection 733.106, which provides for attorney's fees for services rendered to an estate, does not provide a valid basis for personal liability for attorney's fees." (citing Dayton v. Conger, 448 So. 2d 609, 611 (Fla. 3d DCA 1984)); see also Dourado v. Chousa, 604 So. 2d 864, 865-66 (Fla. 5th DCA 1992).

The Estate argues instead that the fee award in this case was authorized as a sanction for bad faith litigation. However, the Estate does not properly invoke section 57.105, Florida Statutes (2011); Anderson was never served with a motion under the statute. Rather, the Estate relies on the inequitable conduct doctrine. This is a rarely applicable doctrine that applies only in "those extreme cases where a party acts in bad faith, vexatiously, wantonly, or for oppressive reasons." Nedd v. Gary, 35 So. 3d 1028, 1030 (Fla. 4th DCA 2010) (quoting Bitterman v. Bitterman, 714 So. 2d 356, 365 (Fla. 1998)). We conclude that this alternative basis was not supported by the evidence.

Anderson challenged his mother's will and argued that she had lacked capacity and, alternatively, had revoked the will by defacement and obliteration. See § 732.506, Fla. Stat. (2011). Two of the decedent's sons testified that she had a lifelong history of incompetence, which would have included the day she executed her will. But a third son disputed this characterization and testified to his belief that his mother had always been competent. The third son also recounted her repeated requests for help in rewriting her will, which he declined. Rarely does such an important legal document contain so numerous and extensive handwritten notes as did the decedent's will. All in all, while the evidence supported the court's decision to uphold the will, the case was not so clear cut as to render Anderson's litigation a matter of bad faith. We further note

that the fee motion cited only the statutory basis rejected above and that Anderson was never given notice that fees were being sought as a sanction for bad faith conduct. We reverse the fee award in its entirety, which renders moot the issue on appeal concerning the absence of findings to support the amount awarded.

Anderson also argues, and the Estate concedes, that the gross amount awarded as costs must be reversed. Routine overhead is not recoverable as costs. See Northbrook Life Ins. Co. v. Clark, 590 So. 2d 528, 528 (Fla. 2d DCA 1991). On remand, the court shall recalculate the costs award, omitting overhead expenses.

Award of attorney's fees reversed; award of costs reversed and remanded for recalculation.


KHOUZAM and BADALAMENTI, JJ., Concur.