NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WILLIAM ANDERSON,            )
                             )
        Appellant,           )
                             )
v.                           )   Case No. 2D14-1139
                             )
LAURA McDONOUGH, as Personal )
Representative of the Estate of )
Helen E. Anderson, Deceased; and )
RUBY YVONNE BAIN,            )
                             )
        Appellees.           )
_____ )

Opinion filed April 8, 2016.

Appeal from the Circuit Court for
Charlotte County; George C. Richards,
Judge.

Robert P. Henderson of The Law Office
of Robert P. Henderson, Fort Myers,
for Appellant.

Robert L. Donald of Law Office of Robert
L. Donald, Fort Myers, for Appellees.


NORTHCUTT, Judge.

        William Anderson appeals an adverse final judgment in a will contest

involving his mother's estate.  We affirm the final judgment without comment, but we

reverse and remand the award of attorney's fees.

Anderson was ordered to pay $19,678.73 in attorney's fees to his aunt, who was the beneficiary under his mother's will. The order was based on section 733.106, Florida Statutes (2011). As explained in the companion case, Anderson v. McDonough, No. 2D14-2605 (Fla. 2d DCA April 8, 2016), this statute does not authorize personal liability for fees; rather, the statute authorizes only an award of fees to be paid from the estate or specifically from a person's share of the estate. Thus, we reverse the order requiring Anderson to pay this fee award.

In another fee award, Anderson was ordered to pay $1266.66 in attorney's fees to the estate and $976.25 in attorney's fees to his aunt. These fees were awarded as a sanction based on Anderson's violation of the confidentiality provision applicable to communications that occur during mediation. See § 44.405(1), Fla. Stat. (2012). As Anderson argues, the circuit court should have held a hearing before determining the amount of these fees. See Debra J. Sutton, P.A. v. LeBeau, 912 So. 2d 327 (Fla. 2d DCA 2005) (reversing attorney's fees, awarded as a sanction, when record failed to support amount). We reverse this fee award and remand for a hearing to determine the amount. Any subsequent order should include the necessary findings on the reasonable number of hours involved and on a reasonable hourly rate.

Affirmed in part, reversed in part, and remanded.

KHOUZAM and BADALAMENTI, JJ., Concur.