685 So.2d 1388 (1997)
Denise C. AUE, Appellant,
v.
Steven J. AUE, Appellee.
No. 96-1961.
District Court of Appeal of Florida, First District.
January 10, 1997.
E. Jane Brehany of Myrick, Davis & Brehany, P.A., Pensacola, for Appellant.
Kathryn E. Errington, Pensacola, for Appellee.
PER CURIAM.
Denise C. Aue, the former wife, appeals a final judgment of dissolution, arguing that the trial court erred in denying her request for an award of attorney's fees based solely on the trial court's finding that she unreasonably rejected her former husband's offer of child support and alimony. We reverse and remand for further proceedings.
By the final judgment, the former wife was awarded $500 per month in rehabilitative alimony for three years; Steven J. Aue, the former husband, the appellee, was further ordered to pay $1,300 per month in child support. Prior to entry of the final judgment the former husband offered to pay $958 per month for 42 months as rehabilitative alimony, child support in the amount of $1,342 per month as well as the former wife's monthly COBRA insurance and other deductibles and co-payments. The former wife rejected this offer. The total support amount awarded in the final judgment was obviously less than the settlement offer. In its order denying the former wife's request for attorney's fees, the trial court stated that its decision was not based upon the parties' earnings, but on its finding that the former wife was "unreasonable" in declining the former husband's support offer.
Section 61.16 provides that a trial court "may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees...." While the trial court may consider special circumstances in addition to the financial circumstance of the parties when considering the entitlement to attorney's fees, no such circumstances exist in the instant case. Cf. Mettler v. Mettler, 569 So.2d 496 (Fla. 4th DCA 1990). Further, there is no authority for denying attorney's fees in dissolution cases solely for the failure to accept an offer of settlement. See, Barnette v. Barnette, 658 So.2d 1246 (Fla. 4th DCA 1995). In fact, section 45.061(4), Florida Statutes, specifically exempts dissolution proceedings from the offer of settlement statute.
Accordingly, we reverse the denial of the former wife's request for fees. On remand, the trial court is directed to reconsider the *1389 former wife's request in light of the parties' respective needs and ability to pay. Walsh v. Walsh, 600 So.2d 1222 (Fla. 1st DCA 1992); Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977).
REVERSED and REMANDED for further proceedings.
JOANOS, WOLF and VAN NORTWICK, JJ., concur.