WARNER, J.
The wife appeals an attorney’s fees award, denying her a portion of her attorney’s fees and assessing a portion of the husband’s attorney’s fees against her, on the basis that she unreasonably refused a favorable settlement offer. We affirm the trial court’s denial of attorney’s fees to the wife after the date of the settlement offer, because Rosen v. Rosen, 696 So.2d 697 (Fla.1997), permits a trial court to consider results obtained in determining a section 61.16, Florida Statutes (2009), attorney’s fees award. We reverse the award of attorney’s fees to the husband, concluding that the wife’s failure to accept a reasonable settlement offer, without other vexatious conduct, does not justify an award of fees to the husband under Chapter 61.
In August 2009, the wife filed a petition to dissolve the couple’s seven-year marriage. The parties’ financial affidavits revealed that the husband was employed with Weston Capital Management and made in excess of $500,000 per year. The wife had no income. From the affidavits, the parties’ lifestyle matched the husband’s income. The earliest financial affidavits were incomplete as to the parties’ assets. In November 2009, the husband’s attorney sent a settlement offer with an asset valuation schedule attached, which would have left the wife with assets worth $95,000 and the husband with a negative marital net worth because of liabilities. The offer did not include the value of an *255 offshore account or for Weston Capital, maintaining that neither were marital assets. The husband’s attorney also disclosed the husband’s participation in a “tax amnesty program” by reporting the offshore account to the IRS. This resulted in substantial tax and penalties as well as professional fees, for which the wife would be responsible if it were a marital asset. In addition to the property settlement, the husband offered to pay $12,000 per month in alimony for one year. In response, the wife’s attorney objected to several valuations of various assets, including the offshore account, noting that they had to be investigated.
In January 2010, the wife offered to divide the assets in accordance with her schedule, which would leave her with $230,000 in assets and the husband with $360,000 in assets. The offer included a lump sum alimony payment of $150,000, $8,500 per month in alimony for three years, and modest attorney’s fees. The husband counter-offered using the wife’s valuations of assets, but re-allocating the marital and non-marital properties, resulting in the wife receiving $239,000 in assets. Additionally, as to alimony, the husband offered either $200,000 in lump sum or $13,000 per month for two years. Finally, the husband offered $20,000 towards attorney’s fees. The wife rejected the offer, contending that some of the assets the husband classified as non-marital were marital, particularly the offshore account. She asserted that the husband should bear the responsibility of the tax liabilities and fees that resulted from his conduct. She counter-offered, splitting the assets and requesting $200,000 in lump sum alimony and $10,000 per month for two years. The husband rejected this offer and opted for a trial.
Throughout the course of settlement negotiations, the record reveals several motions to compel by the wife, because the husband did not provide discovery necessary to evaluate the assets. Namely, the wife moved to compel financial disclosure in November following the husband’s first settlement offer, which the court granted. The husband did not file a response. In March, after the final settlement offers, the wife again moved to compel discovery, seeking specific financial information on the parties’ various bank accounts, assets, and liabilities, and the court granted the motion less than a month before the April trial. The husband filed two responses with the requested information and filed an amended financial affidavit, depicting substantially less income than the previous affidavit.
The case proceeded to trial in April 2010. After hearing the evidence, the court entered a final judgment awarding the wife only $8,000 in bridge-the-gap alimony for nine months and rejecting the wife’s claim for rehabilitative alimony. Concerning equitable distribution, the court awarded the wife a net of $178,369. As to the offshore account, the court adopted the wife’s position that it was a marital asset but offset from its value a loan payable to the husband’s father. The court also offset from its value all of the tax penalties and legal fees associated with the tax amnesty reporting by the husband, thus rejecting the wife’s position that she should not be charged with these expenses. The court accepted the wife’s position that at least part of the husband’s interest in Weston Capital was marital, but its value was less than that originally advocated by the wife because the business was sold on the eve of trial. The court then discounted the husband’s share for “lack of marketability.” The wife did not appeal the final judgment.
Both the husband and the wife sought attorney’s fees. The wife moved for fees *256 on the traditional grounds of need and ability to pay, noting the husband’s substantial income of greater than $500,000 and her non-existent income. The husband contended that the wife’s fees should be reduced because of the wife’s failure to accept his last offer of settlement, which was significantly better than anything she could have received at trial; the husband also requested that the wife be responsible for the fees he incurred after the date of his last offer.
At the hearing on fees, the court was provided with the various settlement offers. In addition, the wife’s accountant testified that the settlement offers kept changing because the valuations, especially as to the offshore account and jewelry, kept changing. He also noted that there was some difficulty in the case because of lack of discovery from the husband. In concluding the hearing, after listening to the testimony and the argument of both counsel, the judge noted that she didn’t think that the case had been over-litigated on either side, saying “it’s probably one of the more reasonable ones that I’ve seen in this division.”
The court’s order on fees found that the wife’s rejection of the husband’s last offer was unreasonable, because she could not have expected to do better at trial. The court explained that even adopting the wife’s characterization of the offshore accounts and the interest in Weston Capital Management as marital, she still could not have expected to receive as much as she was offered in settlement. In making this conclusion, the court determined that, using the wife’s figures, she could not have expected more than $141,000 in net assets, whereas the husband’s last offer was $439,000 in total. The court concluded that the wife had no rational reason to continue with the litigation after the offer. It therefore denied her attorney’s fees for time spent after the husband’s last offer and awarded the husband his attorney’s fees for time spent thereafter. This amounted to a net award in favor of the husband, which the court ordered paid from the bridge-the-gap alimony award.
The wife appeals the award of attorney’s fees, contending that the court abused its discretion in denying her attorney’s fees incurred after the husband’s January 29th offer of settlement and granting fees to the husband solely on the basis of her refusal to accept the offer. The husband, on the other hand, argues that the offer was so reasonable that the wife could not have done better at trial, making any litigation after the offer useless. Thus, he argues, pursuant to Diaz v. Diaz, 727 So.2d 954 (Fla. 3d DCA 1998) (“Diaz I”), quashed on other grounds, 826 So.2d 229 (Fla.2002) (“Diaz II”), and Rosen v. Rosen, 696 So.2d 697 (Fla.1997), that the court did not abuse its discretion in its decision on attorney’s fees. We review the trial court’s order under an abuse of discretion standard. Glantz and Glantz, P.A. v. Chinchilla, 17 So.3d 711, 713 (Fla. 4th DCA 2009). Our analysis of the issues requires us to separate the denial of the wife’s fees and the award of the husband’s fees.

Denial of a Portion of Attorney’s Fees to Wife

While Florida law holds that a refusal to accept an offer to settle a divorce case is not a ground to deny all attorney’s fees, the refusal to accept settlement offers is a “relevant circumstance” that a court may properly take into consideration in determining Chapter 61 fees under Rosen v. Rosen.
Decided prior to Rosen, Aue v. Aue, 685 So.2d 1388, 1388 (Fla. 1st DCA 1997), involved a trial court’s denial of attorney’s fees to the wife because she was “unreasonable” in refusing to accept an offer of settlement from the husband. In revers *257 ing, the First District noted “there is no authority for denying attorney’s fees in dissolution cases solely for the failure to accept an offer of settlement.” Id. The court noted that “[i]n fact, section 45.061(4), Florida Statutes, specifically exempts dissolution proceedings from the offer of settlement statute.” Id.
Just after Aue, our supreme court decided Rosen, approving the Third District’s reversal of an attorney’s fee award to reconsider attorney’s fees in a modification proceeding based upon the “results obtained.” See Rosen v. Rosen, 659 So.2d 368 (Fla. 3d DCA 1995), quashed in part on other grounds, 696 So.2d at 703. The trial court had awarded attorney’s fees in a modification proceeding where the parties had been in litigation over various aspects of their divorce for sixteen years. In its opinion, the Third District reversed many benefits the trial court had awarded the wife and directed the court to reconsider the amount of the wife’s attorney’s fees award in light of the reduction of benefits to her.
The supreme court took jurisdiction of the case based upon a conflict between the districts as to whether a trial court could consider the “results obtained” in determining the amount of attorney’s fees pursuant to Florida Statutes. Rosen, 696 So.2d at 698. Explaining the ambit of section 61.16, the court said:
Section 61.16 constitutes a broad grant of discretion, the operative phrase being “from time to time.” The provision simply says that a trial court may from time to time, i.e., depending on the circumstances surrounding each particular case, award a reasonable attorney’s fee after considering the financial resources of both parties. Under this scheme, the financial resources of the parties are the primary factor to be considered. However, other relevant circumstances to be considered include factors such as the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation. Had the legislature intended to limit consideration to the financial resources of the parties, the legislature easily could have said so.
* * *
We further find that a court may consider all the circumstances surrounding the suit in awarding fees under section 61.16. Moreover, in situations where a court finds that an action is frivolous or spurious or was brought primarily to harass the adverse party, we find that the trial court has the discretion to deny a request for attorney’s fees to the party bringing the suit.
Id. at 700-01 (emphasis added and footnote omitted).[1]
Rosen did not discuss the refusal to accept a settlement as a ground for reducing fees or awarding fees to the offeror, and it did not consider Aue. The Second District followed Aue in Levy v. Levy, 900 So.2d 737 (Fla. 2d DCA 2005). There, the trial court refused to grant any attorney’s fees to the wife, primarily reasoning that her litigation conduct was “spurious” based on her refusal to accept the husband’s *258 settlement offers, which included two offers that were “more favorable to the Wife than the provisions of the final judgment.” Id. at 747. As here, the wife also proposed counteroffers upon rejecting each of the husband’s offers. Id. Acknowledging that Rosen permitted consideration of all circumstances in determining an award of attorney’s fees, not merely the primary factors of need and ability to pay, the court still relied on Aue to conclude that a complete denial of attorney’s fees because of the wife’s failure to accept an offer of settlement was an abuse of discretion where the wife’s claim for permanent alimony in a short-term marriage under the circumstances of the case were not “spurious.”
In this case the court did not deny all attorney’s fees to the wife, just those incurred after the last settlement offer. Settlement offers are a “relevant circumstance[]” for a trial court to consider in setting a Chapter 61 attorney’s fee under the Rosen parameters. Rosen, 696 So.2d at 700. Judge Polen suggested as much in his special concurrence in Oldham v. Oldham, 683 So.2d 579, 581 (Fla. 4th DCA 1996), wherein he stated:
[I]n an appropriate dissolution case, ... once the issue of entitlement to attorney’s fees has been determined utilizing the established ‘need and ability to pay’ standard, the trial judge may consider whether litigation was unnecessarily prolonged by a party’s unreasonable refusal to accept an offer of settlement, in setting a reasonable attorney’s fee.
Because need and ability to pay remain the primary considerations for an award of attorney’s fee, a complete denial of attorney’s fees may still be an abuse of discretion, but Rosen allows a diminution of an award based upon the results obtained. We conclude that the trial court did not abuse its discretion in denying the wife a portion of her attorney’s fees.

Award of Fees to Husband

In addition to denying a portion of the wife’s fees, the court awarded fees to the husband on the rationale that the wife’s failure to accept the January 29th settlement offer was so unreasonable that litigation beyond the offer was baseless and without merit. This award cannot be justified under Rosen.
Although the language of Rosen indicates that spurious litigation behavior gives the trial court “discretion to deny ” attorney’s fees to a spouse, the Fifth District has interpreted Rosen as authorizing an award of attorney’s fees against a spouse for such conduct. Elliott v. Elliott, 867 So.2d 1198, 1201 (Fla. 5th DCA 2004) (citing Zanone v. Clause, 848 So.2d 1268 (Fla. 5th DCA 2003)). In Elliott, the trial court found that the husband excessively litigated the case and refused to comply with discovery, causing the trial court to award half of the wife’s attorney’s fees against the husband, even though the assets were evenly divided. The appellate court determined that Rosen permitted an award of fees payable to a spouse for overly litigating a case, but remanded for the trial court to make specific findings to support its conclusion of vexatious litigation. In Zanone, however, the court considered an award of attorney’s fees under the identical fee provision in the paternity statute and held that vexatious litigation practices do not abrogate a determination of ability to pay in order to justify an award of attorney’s fees based upon the statute. 848 So.2d at 1270-71. Thus, where the party against whom an assessment is sought does not have the ability to pay, it is error to assess fees against that party, even though he or she may have engaged in meritless litigation.
*259 We disagree with Elliott to the extent that it suggests that Rosen can be applied to an award of attorney’s fees in favor of the spouse with the greater financial ability to pay. Rosen construed the statutory provision allowing attorney’s fees in family law actions, section 61.16. In examining the statute, the court concluded that a trial court can use results obtained, vexatious litigation, harassment, or other bad faith type conduct to deny attorney’s fees to a spouse otherwise entitled to fees based upon need and ability. Where, however, a spouse who has no “need” of fees seeks them from the spouse who has a lesser “ability” to pay, the primary criteria of the statute are not present. Therefore, as Za-none suggests, an award of fees cannot be supported by the statute.
Instead, fees awarded against a spouse who engages in excessive litigation, harassment, or bad faith are awarded “to avoid an inequitable diminution” of the assets of the other spouse. Mettler v. Mettler, 569 So.2d 496, 498 (Fla. 4th DCA 1990). Our supreme court has held that a trial court has the inherent authority to prevent “inequitable conduct ... [which] permits the award of attorney’s fees where one party has exhibited egregious conduct or acted in bad faith.” Bitterman v. Bitterman, 714 So.2d 356, 365 (Fla.1998). Such awards are rarely applicable and should be reserved for extreme cases in which a party litigates vexatiously and in bad faith. Using the inherent authority of the court to assess attorney’s fees requires that the court make an express finding of bad faith and include facts justifying the imposition of the award. Moakley v. Smallwood, 826 So.2d 221, 227 (Fla.2002).
The husband relies primarily on Diaz I to support his claim to attorney’s fees. 727 So.2d 954. In Diaz I, the wife came into the marriage with substantial income and assets from her father in the form of a trust. The husband executed a prenuptial agreement waiving any claim to these assets. The husband was employed throughout the marriage as a career police officer. Because the wife took care of all of the household expenses, including the home which she owned, the husband was able to build up considerable retirement benefits. Ten years into the marriage, and after the birth of a child, the parties separated. Prior to filing for divorce, the wife offered to settle with the husband for child support well below the guidelines and with no equitable distribution of property, thus allowing the husband to keep his retirement benefits. The husband rejected the settlements. When the wife filed for divorce, the husband filed a counter-petition requesting permanent alimony.
After trial of the action, the court denied the husband’s claim for alimony and divided the husband’s retirement benefits between the parties. In a later order, the court ordered the husband to pay a portion of the wife’s attorney’s fees, finding that the husband exercised bad faith in the litigation, wasting the parties’ assets.
On appeal, the Third District upheld the trial court’s order on attorney’s fees. The court noted that the wife had made a very generous pretrial offer, which
under any reasonable analysis at the start of the case, it should have been clear that the husband could not do better, and most likely would do much worse, by litigating the case. Despite overwhelming odds of a litigation disaster, the husband rejected settlement, made no counterproposal, and embarked on an expensive and wasteful litigation strategy.
Id. at 956-57.
The court acknowledged the holding of Aue that the fact that the husband obtained a bad result in litigation did not in *260 and of itself warrant an assessment of attorney’s fees against him, but “the award in this ease is not based simply on the poor result. Instead, the trial court analyzed the issues in the ease as they should have reasonably appeared at the outset.” Id. at 957.
In its order, the trial court also assessed some of the fees against the husband’s counsel, which the Third District also affirmed. Based upon conflict jurisdiction, the supreme court took jurisdiction to address the assessment of attorney’s fees against the attorney. Diaz II, 826 So.2d 229. The court determined that the trial court did not make a specific finding of bad faith sufficient to permit an award against the attorney based upon the inherent authority doctrine. “Pursuit of ‘long shot’ claims cannot form the basis for assessing attorneys’ fees against an attorney under the inherent authority doctrine.” Id. at 232. In doing so, the court specifically noted that it would not address the merits of the award of attorney’s fees against the husband, as it was not the basis of conflict jurisdiction. Id. at 233 n. 3. Nevertheless, the court allowed the trial court to reconsider the award against the husband, because of its ruling denying assessment against the husband’s lawyer.
This case, however, is distinguishable from Diaz I. First, unlike Diaz I, there was no presuit offer of settlement in this case. Second, the wife’s claims were not untenable. In this short-term marriage, she sought rehabilitative or bridge-the-gap alimony and an equitable division of the marital assets. Like Levy, on both issues her requests were not spurious, or even “long shots,” unlike the husband’s request for permanent alimony in Diaz. In fact, she recovered both rehabilitative and bridge-the-gap alimony in the final judgment, just not the amount she requested. Third, unlike the husband in Diaz the wife sought discovery of financial information which the husband was recalcitrant in supplying until several weeks before the trial. Fourth, the wife made several counterpro-posals, including one after the husband’s last offer, and the husband refused to negotiate further.
In short, from the evidence it does not appear, as it did in Diaz I, that the wife’s positions were unreasonable from the start. And it was the husband, not the wife, who refused to engage in further settlement negotiations, thus compelling both parties to prepare for trial.
The record does not reveal excessive litigation. In fact, the trial court commented that the lawyers in this case conducted themselves reasonably. The court did not find any other reason for the award of fees other than its conclusion that any litigation after the refusal of the offer was baseless. However, as the supreme court noted in Diaz II, merely pursuing a “long shot” claim should not be the basis of an award of attorney’s fees under the inherent authority of the court.
Here, the court has assessed attorney’s fees against a wife who at the time of the assessment had as her only income the bridge-the-gap alimony awarded, while the husband commanded an income in excess of $500,000. Because the primary factors under section 61.16 require need and ability to pay, the award of attorney’s fees against the wife and in favor of the husband cannot be justified pursuant to the statutory authority. Instead, the award must be authorized under the court’s inherent authority to prevent vexatious litigation. This case, however, does not provide the type of inequitable conduct present in either Diaz or the very rare cases where vexatious litigation is present.
In sum, the trial court abused its discretion in awarding fees to the husband *261 to be assessed against the wife, because the refusal to settle the case in and of itself cannot be the basis for an award of attorney’s fees against the refusing party. There must be vexatious conduct or bad faith litigation, which was not present in this case.
For the foregoing reasons, we affirm the trial court’s award of reduced fees to the wife because of her failure to accept a favorable settlement. We reverse the award of attorney’s fees to the husband where no vexatious litigation has been shown.
DAMOORGIAN and CONNER, JJ., concur.

. Notably, the trial court's order here failed to include the statutory finding under Rosen of the parties' respective needs and abilities to pay. Id. See also Von Baillou v. Von Baillou, 959 So.2d 821, 823 (Fla. 4th DCA 2007) (holding that "[t]he central inquiry under section 61.16 is whether one spouse has a need for fees and the other spouse has the ability to pay them”).