DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EDWARD K. HENRY,**
Appellant,

v.

**SUZANNE W. HENRY,**
Appellee.

No. 4D15-755

[May 18, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Dana Gillen, Judge; L.T. Case No. 2013DR008244XXXXSB.

Bruce S. Rosenwater of Bruce S. Rosenwater & Associates, P.A., and Anne M. Lynch of Anne M. Lynch, P.A., Palm Beach Gardens, for appellant.

Eddie Stephens of Ward, Damon, Posner, Pheterson & Bleau, West Palm Beach, for appellee.

FORST, J.

This case involves a final judgment of dissolution of marriage between Appellant Edward Henry ("the former husband") and Appellee Suzanne Henry ("the former wife"). Because of the number of issues raised, we have incorporated the relevant facts directly into the discussion of the issues as divided below. We otherwise affirm without further discussion the trial court's (modified) adoption of the former wife's proposed final judgment and the trial court's award of 60/40 timesharing with respect to the parties' children in favor of the former wife.

**The Parties' Income**

The former wife concedes on appeal that the trial court erred in using $39.875.60 as her yearly income. The former wife's actual gross income that the trial court should have used was $44,104.32, as shown in her 2014 financial affidavit.

The former husband's income was also miscalculated. We review

mathematical errors de novo. *Kareff v. Kareff*, 943 So. 2d 890, 892 (Fla. 4th DCA 2006). The trial court used a net monthly income of $3114 for the former husband, based on a gross monthly income of $4463. The testimony presented at trial, and the agreement of the parties, established that the former husband earned $54,010.80 from the start of 2014 through November 14 (46 weeks). That total included a $7500 one-time bonus.

In attempting to remove the bonus and annualize the former husband's income, the trial court apparently divided the $54,010.80 by 46 weeks, multiplied the result ($1174.15) by 52 weeks to make a full year, and subtracted from the result ($61,055.80) the $7500 bonus. This resulted in a final gross annual income of $53,555.80, or $4462.98 per month (which rounds up to the $4463 used).

The problem, however, is that this calculation did not fully remove the bonus from the former husband's income. By performing the division and multiplication first, the trial court accidentally included six extra weeks of bonus pay in its final number that was never subtracted out. The proper method of calculating the former husband's income would have been to take the $54,010.80 year-to-date value, subtract the $7500 at the start (resulting in a $46,510.80 year-to-date-without-bonus amount), then divide by 46 and multiply by 52. This results in an annualized-without-bonus income of $52,577.43. The former husband's gross monthly income was therefore that value divided by 12, which (rounded down) is $4381. That is the value the trial court should have used instead of $4463.

Because the adjustments to that gross income may be different on remand, we avoid calculating the former husband's net income at this time. *See Shrove v. Shrove*, 724 So. 2d 679, 682 (Fla. 4th DCA 1999) ("[S]upport calculations must be based on net income."). Whatever adjustments need to be made, however, should be made off the properly calculated gross incomes: $3675 for the former wife and $4381 for the former husband.

## Prospective Child Support

"The standard of review for a child support award is abuse of discretion." *McKenna v. McKenna*, 31 So. 3d 890, 891 (Fla. 4th DCA 2010).

The trial court's award of $313 in monthly child support from the former husband to the former wife was based on the incorrect computations of income described above. It was therefore an abuse of discretion. We reverse and remand for a recalculation of the proper

2

amount of child support using a gross monthly income of $3675 ($44,104.32 annual) for the former wife and a gross monthly income of $4381 ($52,577.43 annual) for the former husband.

## Prospective Alimony

This Court reviews awards of permanent periodic alimony for abuse of discretion. *Bronson v. Bronson*, 793 So. 2d 1109, 1111 (Fla. 4th DCA 2001).

Because the incomes of the parties were miscalculated as described above, the trial court abused its discretion in awarding $500 in monthly alimony from the former husband to the former wife. We do not express any opinion on whether this value would constitute an abuse of discretion on remand; the abuse of discretion came not from the award given, but from the method by which the award was determined. We also are concerned by the trial court's statement that "Husband can earn in excess of $60,000 barring a catastrophic event," when the record evidence the court cites does not support that finding as true. If the trial court continues to rely on this as a factor behind its new alimony award, we suggest, without requiring, that it more fully explain its reasoning.

We therefore reverse and remand the award of $500 in permanent periodic alimony. The trial court should calculate a new alimony award based on the parties' actual incomes as described above.

## Retroactive Child Support

Awards of retroactive child support are reviewed for an abuse of discretion. *Wright v. Wright*, 411 So. 2d 1334, 1336 (Fla. 4th DCA 1982).

The parties agree that the trial court erred in awarding retroactive child support for seventeen months rather than fifteen months because the parties were still living together during the extra two months.

Additionally, the trial court erred in its determination of the monthly amount of child support in two ways. First, the amount of support was determined using the incorrect incomes for the parties as described above. On remand, the court should apply the proper gross monthly incomes (converted to monthly net incomes) of $4381 for the former husband and $3675 for the former wife. Second, the trial court erred in calculating the retroactive child support using the 60/40 timesharing split that applied to the prospective child support.

The Child Support Guidelines Worksheet calculates the amount of child support based in part on the "[p]ercentage of overnight stays with each parent." Although the record does indicate that the children spent time at the former wife's home during the former husband's timesharing, there is nothing supporting a finding that they *spent the night* at the former wife's home. The record actually indicates that the parties had a 50/50 split of overnight stays during the retroactive period. The amount of retroactive child support and prospective child support should therefore differ in the final judgment because the former should be based on a 50/50 split and the latter should be based on the 60/40 split.

We therefore reverse the award of retroactive child support and remand for recalculation using the proper incomes for the parties, the proper timesharing for the parties, and the proper number of months over which the retroactive child support is owed.

**Retroactive Alimony**

Awards of retroactive alimony are reviewed for an abuse of discretion. *Wright*, 411 So. 2d at 1336. Awards of retroactive alimony must be based on need and ability to pay. *Vitro v. Vitro*, 122 So. 3d 382, 385 (Fla. 4th DCA 2012). The trial court must make specific findings regarding those factors. *Valentine v. Van Sickle*, 42 So. 3d 267, 274 (Fla. 2d DCA 2010).

As with the prospective alimony, the first and most important issue is the trial court's consideration of the incorrect income for the parties. On remand, the trial court should determine retroactive alimony based on a gross monthly income of $4381 for the former husband and a gross monthly income of $3675 for the former wife.

Similarly, as with the retroactive child support, the trial court erred in awarding retroactive alimony for seventeen months rather than for only fifteen months.

Particular to the issue of retroactive alimony, the trial court did not make specific findings of the former wife's need and the former husband's ability to pay "during the relevant . . . period." *Valentine*, 42 So. 3d at 274. Instead, the court found that "Wife *has* a need for alimony," "Wife *has* a *current* need for alimony," and that "Husband does not *have* the *current* [ability] to pay all of the alimony Wife *needs*." (emphases added). The court made findings regarding only the former wife's current need and the former husband's current ability to pay, when it was required to make findings about need and ability during the retroactive time period.

4

We therefore reverse the award of retroactive alimony and remand for the trial court to consider the evidence and, if it determines that it is appropriate, to make the proper findings of past need and ability to pay. If it makes those findings, it should recalculate the amount of alimony owed using the proper incomes for the parties and the proper number of months over which the retroactive alimony is owed.

## Attorneys' Fees

Orders on attorneys' fees are reviewed for an abuse of discretion. *Glantz & Glantz, P.A. v. Chinchilla*, 17 So. 3d 711, 713 (Fla. 4th DCA 2009).

An award of attorneys' fees normally requires findings of need and ability to pay under section 61.16, Florida Statutes. *See Hallac v. Hallac*, 88 So. 3d 253, 260 (Fla. 4th DCA 2012). However, trial courts have the inherent authority to prevent vexatious litigation by awarding fees without such findings. *Id.* Fees of this nature are appropriate when a party has "engage[d] in excessive litigation, harassment, or bad faith [litigation]." *Id.* at 259. However, "[s]uch awards are rarely applicable and should be reserved for extreme cases." *Id.* If an award is made under this authority, the trial court must make express findings of bad faith, including supporting facts, which would justify the award. *Id.*

The trial court in this case did not make an express finding of bad faith in the section of its decision pertaining to fees. Instead, it stated that "Husband intentionally did not pay support to his Wife as a litigation tactic" when analyzing an adjustment to the equalizing payment, but that is the extent of the trial court's findings. Even if we were to assume that this statement also related to a bad-faith finding for attorneys' fees, the former husband's conduct here is not the sort of extreme case contemplated by *Hallac*. The former husband's failure to pay support during the pendency of the divorce did not cause the litigation. Even if the former husband had made some payments, arguments and evidence about the total amount he had to pay would have been made and admitted. There is a dearth of evidence in the record, as well as no findings, that would support an award of attorneys' fees based on bad faith or excessiveness.

However, as already noted, the inherent authority of the trial court is only one method by which fees may be awarded. There remains the possibility that fees could be awarded under section 61.16. The trial court here did not make the requisite findings of need and ability to pay fees. On remand, however, it may make such findings, if it determines them to be true, and order the award of fees under section 61.16. The same

determination should be made and applied to the former wife's motion for appellate attorneys' fees. On remand, the trial court should determine if the former wife has a need *and* if former husband has the ability to pay, and to determine the amount of fees to be awarded if those criteria are met.

## Conclusion

We reverse the trial court's awards of prospective and retroactive alimony and child support, and the award of attorneys' fees. On remand, the trial court should use the correct values for the parties' incomes as discussed above, should apply the proper timesharing ratio for retroactive child support, should order retroactive alimony and child support for only fifteen months, and should make the appropriate findings of need and ability to pay with regard to retroactive alimony and both trial and appellate attorneys' fees. We affirm the trial court's adoption of the former wife's proposed final judgment and its award of 60/40 timesharing in favor of the former wife.

*Reversed in part and affirmed in part.*

WARNER and CONNER, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

6