IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NANCY PALMER, n/k/a Nancy
Walgis,

      Appellant,

v.

DANNY PALMER,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3325

_____/

Opinion filed August 9, 2016.

An appeal from the Circuit Court for Santa Rosa County.
John Miller and David Rimmer, Judges.

Ross A. Keene of Ross Keene Law, P.A., Pensacola, for Appellant.

Kim Anthony Skievaski of Kim Anthony Skievaski, PA, Pensacola, for Appellee.

WOLF, J.

      This is an appeal from an order granting attorney's fees to the former wife in

a dissolution proceeding.  The issue is whether a trial court that has determined to

award attorney's fees to the wife based on a significant disparity in non-marital

assets may deny fees accrued after the former wife's rejection of a settlement offer.

The denial was based solely on the trial court's determination that the rejection of

the settlement offer was unreasonable. In <u>Aue v. Aue</u>, 685 So. 2d 1388 (Fla. 1st DCA 1997), we determined "there is no authority for denying attorney's fees in dissolution cases solely for the failure to accept an offer of settlement." Because we determine <u>Aue</u> is applicable in this case, we reverse.

The former husband filed a petition for dissolution of marriage on May 13, 2011, in which he alleged the marriage was a short-term marriage that had lasted approximately 5.5 years – from November 10, 2005, through May 6, 2011.

The couple had limited income and marital assets. The former wife, however, had $180,000 in non-marital assets while the former husband had non-marital assets of $800,000. The trial judge awarded the former wife $10,000 in lump-sum bridge-the-gap alimony and noted that he felt constrained from awarding her more both because of the short length of the marriage, and because to award her more, he would have to dip into the former husband's non-marital IRA account. The trial court also indicated that the former husband would be responsible for the former wife's reasonable attorney's fees and reserved jurisdiction to later determine the amount of fees and manner of payment. Orally, the trial court noted it would be unfair not to award the former wife fees: "The attorney fees clearly – with a significant disparity in the non-marital assets of the parties, it would be reversible error for me not to award attorney fees and costs to the wife. I will do that."

2

The former wife moved for a hearing to determine the amount of attorney's fees and costs. During the hearing, counsel for the former wife stated she was requesting $27,019.25 in attorney's fees. Counsel for the former husband claimed the case was overly litigated as a result of the former wife's position regarding alimony, and her awarded attorney's fees should be diminished because of her unreasonable rejection of a settlement offer of $25,000.

There was extensive testimony concerning settlement negotiations and the input the former wife had concerning settlement without objections by either party.[1] In his final order on the former wife's motion for attorney's fees, the judge found the former husband should be responsible for $11,389.50 of the former wife's attorney's fees. This did not include the attorney's fees accrued after the former wife rejected the January 11, 2013, offer by the former husband because "the Court finds that the evidence is clear that the Former Wife is responsible for rejecting the reasonable offer and as a result unnecessarily incurred the fees of attorney Jill Warren." The trial court noted the former wife unreasonably rejected the offer in part because "[s]he ultimately received much less after trial." The trial court did not indicate its consideration of any other relevant factors to support its

---

[1] The former wife introduced this testimony indicating she was merely following her attorney's advice and, therefore, her attorney's fees should not be reduced. It is unclear that this testimony would be relevant or proper regarding the issue of results obtained versus the amount offered in settlement. We do not reach the admissibility issue.

limitation of the attorney's fees awarded to the former wife. As such, the former wife was left with $15,629.75 in attorney's fees that she herself was responsible for solely because of her rejection of the former husband's settlement offer.

Section 61.16, Florida Statutes (2011), states in pertinent part:

> The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees . . . .

In Rosen v. Rosen, 696 So. 2d 697, 700 (Fla. 1997), the Florida Supreme Court interpreted this section to mean that a trial court may consider relevant circumstances of an individual case, but "the financial resources of the parties are the primary factor to be considered." The court went on to say other relevant circumstances to be considered are:

> [T]he scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation.

Id.

In Aue, 685 So. 2d at 1388, we reviewed a trial court's order denying attorney's fees pursuant to this statutory section where "its decision was not based upon the parties' earnings, but on its finding that the former wife was 'unreasonable' in declining the former husband's support offer." We specifically stated that while there may be special circumstances to consider in addition to the

4

parties' financial positions when determining entitlement to attorney's fees, no authority existed for denying fees solely based on the failure to accept an offer of settlement. Id.

The Second District in Levy v. Levy, 900 So. 2d 737, 748 (Fla. 2d DCA 2005), cited our Aue decision with approval and stated,

> Although trial courts have the authority pursuant to section 61.16 to deny fees for various forms of litigation misconduct in proceedings for dissolution of marriage, "there is no authority for denying attorney's fees in dissolution cases solely for the failure to accept an offer of settlement."

900 So. 2d at 748 (quoting Aue, 685 So. 2d at 1388) (emphasis added).

The Fourth District, however, in Hallac v. Hallac, 88 So. 3d 253, 256 (Fla. 4th DCA 2012), held that fees to a spouse who has demonstrated financial need may be limited based on the failure to accept a settlement offer which "was significantly better than anything she could have received at trial." See also Diaz v. Diaz, 727 So. 2d 954 (Fla. 3d DCA 1998), quashed on other grounds by 826 So. 2d 229 (Fla. 2002). The court held rejection of a settlement offer by itself was sufficient to limit fees, even where the trial judge had noted "that she didn't think that the case had been over-litigated on either side." Hallac, 88 So. 3d at 256.

The Fourth District in Hallac distinguished our holding in Aue based on two considerations: 1) in Aue there had been a denial of all fees rather than just a denial of those incurred after the settlement offer; and 2) that Rosen, which was decided

by the supreme court after <u>Aue</u>, contemplated a reduction in fees based on the unreasonable rejection of a settlement offer. <u>Hallac</u>, 88 So. 3d at 257-58.

The Fourth District's attempt in <u>Hallac</u> to distinguish our holding in <u>Aue</u> (on the basis that there was not a denial of all fees) is inconsistent with our holding that there was no statutory authority to limit the fees to a needy spouse based <u>solely</u> on the rejection of an offer of settlement.

We also do not read <u>Rosen</u> to adopt a general rule that effectively provides that rejections of offers to settle may be the sole reason for limiting fees in all family law cases. Offers of judgment are not specifically mentioned in <u>Rosen</u>. The holding in <u>Rosen</u> is that the financial resources of the parties is the primary consideration for the award of attorney's fees in dissolution cases, but after considering ***all*** the circumstances surrounding the suit, the court may exercise its inherent powers and deny fees in order to provide justice and ensure equity between the parties. <u>Rosen</u>, 696 So. 2d at 699.

In fact, the factors for consideration mentioned in <u>Rosen</u> related to the overall method by which the litigation was handled. The court recognized that a review of the entire course of the litigation and special circumstances may require equity to override financial considerations. Isolated consideration of settlement offers was not contemplated. Emphasis on offers of settlement which are not proscribed and authorized by statute is also problematic because of the potential

involvement of the court in information related to settlement offers, attorney client privilege, and other confidential items.[2]

In reaching the decision, we are not unmindful of the policy considerations raised by Judge Polen in his concurrence in <u>Oldham v. Oldham</u> 683 So. 2d 579, 581 (Fla. 4th DCA 1996). He argued that there is a need to bring economic sanity to dissolution litigation and that there should be "some economic incentive on the non-fee paying spouse to critically and realistically evaluate settlement offers." <u>Id.</u> While we do not disagree with these sentiments, the issue of attorney's fees in family cases is complicated. Economic sanity needs to be balanced against the needs of the spouse with less financial ability to obtain competent counsel. The items which may be considered by the trial court must specially be addressed. Unbridled discretion to review settlement offers and motivations without guidance, like what occurred in this case, is unworkable. We, therefore, declare conflict with <u>Hallac</u> to the extent that it determines that rejection of a settlement offer may be the sole basis for overriding a determination of an award of financial need in denying attorney's fees accrued after the rejection.

Essentially the trial judge in this case, much like the court in <u>Hallac</u>, applied a portion of the offer of judgment statutes to dissolution proceedings. This should

---

[2] Neither section 45.061(4), Florida Statutes, the statute entitled "Offers of Settlement," nor section 768.79, Florida Statutes, the statute regarding offers and demands of judgment in civil actions for damages, applies in dissolution of marriage proceedings.

be a legislative decision.  The court should only exercise the power to reduce fees when it would be inequitable not to do so after a review of all circumstances.

We, therefore, REVERSE the order on attorney's fees and REMAND to the trial court to readdress fees evaluating all pertinent considerations and not just the rejection of the settlement offer.

ROBERTS, C.J., and B.L. THOMAS, J., CONCUR.