DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AGUSTIN TORRES,**
Appellant,

v.

**STATE OF FLORIDA DEPARTMENT OF REVENUE, CHILD SUPPORT
PROGRAM** and **VIVIANA TORRES,**
Appellees.

No. 4D17-1364

[April 4, 2018]

Appeal from the State of Florida, Department of Revenue Child Support
Enforcement; Case Nos. DEP.# 06550019171AO and CSE# 2001056619.

Tracy Belinda Newmark and Natalie Suzanne Kay of Kelley Kronenberg,
Plantation, for appellant.

Pamela Jo Bondi, Attorney General and Toni C. Bernstein, Senior
Assistant Attorney General, Tallahassee, for appellees.

MAY, J.

The father challenges a final administrative support order. He argues
among other issues that the retroactive child support was inaccurately
calculated, and he is entitled to a $200 credit. We agree with him on the
$200 credit and reverse in part.

The mother applied for child support services and submitted a financial
affidavit and parental information form. The Department of Revenue Child
Support Program ("DOR") served the father with a notice of proceeding to
establish an administrative support order, and enclosed a financial
affidavit and parent information form for the father to complete within 20
days. The father was instructed to submit written proof if he had already
provided support for his children.

The father failed to submit either form or any other information.[1] The

---

[1] The father claims his failure to respond was due to his former attorney's poor
guidance.

DOR then sent the father a proposed administrative order and enclosed the child support guidelines worksheet and the mother's financial affidavit. The proposed order informed the father of the projected child support obligations, including retroactive support. The DOR advised the father that he could request a hearing or contact the DOR informally if he disagreed with the proposed order.

Once again, the father neither objected to the proposed order nor requested an administrative hearing. He did not provide any new information to the DOR. This led to the entry of the final administrative support order.

The final order contained the following findings of fact and conclusions of law:

- the father failed to timely request an administrative hearing;

- the father's actual net monthly income was 82% of the combined parental net income;

- the mother was imputed an income equal to full time employment at federal minimum wage because there was a lack of sufficient, reliable information concerning her actual earnings;

- the total monthly child support need;

- the father's share of the monthly child support;

- the father had to pay retroactive support for 28 months; and

- the father's total monthly payment.

From this order, the father now appeals.

In his third issue, the father argues he paid the mother directly during the retroactive period and never received a credit. And, he argues the retroactive period itself was miscalculated as a matter of law. The DOR answers that the father waived these arguments; but if the arguments are not waived, it agrees the father is entitled to a $200 credit.

We review retroactive child support awards for an abuse of discretion. *Henry v. Henry*, 191 So. 3d 995, 997 (Fla. 4th DCA 2016).

2

The father claims he cannot determine whether he received a credit for actual payments made to the mother. But, the record reflects the mother received a $200 payment during the retroactive period. The proposed order fails to reflect that credit.

While not conceding its waiver argument, the DOR admits the father should receive a $200 credit. We agree. We therefore reverse and remand the case only for the father to receive the $200 credit toward retroactive child support.

We find the other issues either waived or without merit.

*Affirmed in part; reversed in part and remanded.*

GERBER, C.J., and DAMOORGIAN, J., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

3