DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LENORE MAIO,**
Appellant,

v.

**PATTI D. CLARKE,**
Appellee.

No. 4D17-2305

[September 12, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 50-2016-DR-008059-XXXX-NB.

Jeffrey M. Clyman, Millie Orrico and Trent Steele of Steele Law, Hobe Sound, for appellant.

Caryn A. Stevens and Eddie Stephens of Ward, Damon, Posner, Pheterson & Bleau, West Palm Beach, for appellee.

CIKLIN, J.

Lenore Maio ("Lenore") appeals an amended final judgment of dissolution of marriage and raises a number of issues. Lenore argues that the trial court erred in failing to find that an oral cohabitation agreement existed before she and her former spouse, Patti Clarke ("Patti"), were married, and that the trial court erred in awarding attorneys' fees to Patti as a sanction. We affirm the trial court's determination with respect to the oral cohabitation agreement. But, we reverse the award of attorneys' fees and we remand for the trial court to make required findings, if it is able to do so, and to modify the award as we explain.

*Oral Cohabitation Agreement and Constructive Trust*

The two women lived together and shared expenses for a number of years before marrying and divorcing. During their cohabitation and after they married, the women executed testamentary documents leaving their assets to one another. Throughout their cohabitation and marriage, the parties maintained individual bank accounts. Patti testified that she was

unaware that Lenore had opened up joint accounts for the women. According to Patti, the parties did not pool their income and assets. Each month, Patti gave Lenore $3,000, an amount representing a portion of her income, to be used to pay a share of household expenses.

Lenore owned a home. Two years after the parties married, Lenore wanted to refinance the mortgage loan by placing Patti's name on the mortgage. Patti agreed to help facilitate the refinance, but only if her name was placed on the deed. Patti's credit and income information was used to obtain a refinance of the loan. Patti was added to the mortgage and Lenore transferred a half share of her interest in the property to Patti.

In the divorce proceedings, Lenore sought one half of Pattie's premarital retirement earnings and sought to have a constructive trust imposed on the retirement account. Lenore claimed that during their premarital cohabitation, the parties pooled their assets, and that Patti promised that her premarital retirement earnings would fund their golden years. However, Patti denied Lenore's claims.

The trial court rejected Lenore's testimony.

"The existence of an oral contract is an issue for the finder of fact. An appellate court reviews a trial court's factual findings for competent substantial evidence." *Armao v. McKenney*, 218 So. 3d 481, 485 (Fla. 4th DCA 2017) (citation omitted). "[A] party who asserts an oral contract must prove its existence by a preponderance of the evidence." *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004). "Florida law recognizes that unmarried cohabitants may agree to enter into an enforceable contract that establishes rights and responsibilities towards each other 'as long as it is clear there [is] valid, lawful consideration separate and apart from any express or implied agreement regarding sexual relations.'" *Armao*, 218 So. 3d at 484 (alteration in original) (citation omitted).

The trial court explicitly indicated in the amended final judgment that it did not believe Lenore's testimony regarding the parties' purported understanding. That makes this case distinguishable from *Armao*, 218 So. 3d at 485 (affirming trial court's finding that parties entered into an oral cohabitation agreement where evidence established that parties agreed to pool "all their income, investments, assets, and inheritances" and use the funds "to pay their current and future expenses"). Instead, the trial court believed Patti. Her testimony established that the parties shared expenses, but that their income and assets were not pooled.

2

We also affirm the trial court's decision not to impose a constructive trust on Patti's retirement account. "A constructive trust is one raised by equity in respect to property which has been acquired by fraud, or where, though acquired originally without fraud, it is against equity that it should be retained by him who holds it." *Provence v. Palm Beach Taverns, Inc.*, 676 So. 2d 1022, 1025 (Fla. 4th DCA 1996) (citation omitted). "[A] constructive trust is a remedial device with dual objectives: to restore property to the rightful owner and to prevent unjust enrichment." *Id.* "To impose a constructive trust, there must be (1) a promise, express or implied, (2) transfer of the property and reliance thereon, (3) a confidential relationship and (4) unjust enrichment." *Id.* Because the trial court believed Patti, the facts did not support imposition of a constructive trust.

*Attorneys' Fees as a Sanction*

Although we affirm the final judgment to the extent Lenore was not awarded a share of Patti's premarital retirement earnings, we reverse the portion of the judgment awarding Patti attorneys' fees as a sanction. The award of fees was made pursuant to *Rosen v. Rosen*, 696 So. 2d 697 (Fla. 1997). The trial court erred in awarding *Rosen* fees to Patti as a sanction, as Patti did not plead a need for fees. *See Hallac v. Hallac*, 88 So. 3d 253, 259 (Fla. 4th DCA 2012) (recognizing that in the *Rosen* context, a trial court may not award fees to a party based on vexatious litigation where the "primary criteria" of section 61.16 are not met: need and ability to pay).

Although *Rosen* fees were not permissible, a trial court has the inherent power to award fees "where one party has exhibited egregious conduct or acted in bad faith." *Id.* (quoting *Bitterman v. Bitterman*, 714 So. 2d 356, 365 (Fla. 1998)). However, "[s]uch awards are rarely applicable and should be reserved for extreme cases in which a party litigates vexatiously and in bad faith." *Id.* Further, the court must "make an express finding of bad faith and include facts justifying the imposition of the award." *Id.*

Here, the trial court's findings either lacked merit or did not rise to the level of a finding of bad faith. Fees were awarded based in part on the trial court's belief that Lenore's oral cohabitation agreement and constructive trust claims were barred by specified statutes. But they were not. The trial court also found that Lenore's financial affidavit was fraudulent because she listed expenses she was not paying. This finding is contrary to the evidence, namely Lenore's financial affidavit, wherein she noted that many of the expenses were not currently incurred. The trial court based fees in part on a finding that a claim Lenore made in her petition conflicted with another claim. But the claim was made in the alternative, which is

entirely permissible. *See* Fla. R. Civ. P. 1.110(g). The trial court relied on Patti's claim that she would have settled the case had Lenore's attorney provided case law supporting her oral cohabitation and constructive trust claims. Patti's attorney is board certified, and Lenore's claims had a clear basis in the law. This finding does not establish bad faith.

The trial court also based fees in part on Lenore's withdrawal of her alimony claim shortly before trial, a basis which could support an award of fees as sanctions if the trial court made the required bad faith findings. We reverse the fees award and remand to the trial court to make the necessary bad faith findings, if it can, supporting its award of fees based on the withdrawal of the alimony claim, and to limit any award of fees to time spent on the alimony claim.

Lenore's remaining arguments on appeal are either moot based on the foregoing analysis or without merit.

*Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.*

GERBER, C.J., and GROSS, J., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

4