DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ISABEL ALVAREZ,**
Appellant,

v.

**SANDER ANDRES SALAZAR,**
Appellee.

No. 4D20-1363

[February 9, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Rothschild, Judge; L.T. Case No. FMCE18-003835.

Susan R. Brown of Susan R. Brown, P.A., Plantation, and John B. Agnetti of Hoffman, Larin & Agnetti, P.A., Miami, for appellant.

Meaghan K. Marro of Marro Law, P.A., Plantation, for appellee.

KLINGENSMITH, J.

Isabel Alvarez ("Former Wife") appeals the trial court's final judgment dissolving her marriage with Sander Andres Salazar ("Former Husband"). Although Former Wife raised several issues on appeal, we find merit in only two: the trial court's award of attorney's fees to Former Husband based on Former Wife's alleged vexatious litigation and an error in calculating the child support obligation.

In multiple filings, Former Wife alleged that Former Husband suffered from substance abuse issues. Specifically, she claimed Former Husband's excessive drinking, among other things, led to the end of the marriage. These allegations served as the basis for Former Wife's request for majority timesharing of their minor child and for Former Husband to have alcohol monitoring for a year. Because of these claims, an expert conducted an independent medical evaluation and found no indication that Former Husband suffered from a substance abuse disorder.

After closing arguments following a five-day trial on the dissolution petition, the trial court stated that it did not think Former Husband had a

substance abuse problem requiring ongoing testing or supervised visitation and that the evidence failed to connect Former Husband's drinking with activities that would place the minor child in danger. The court's written final judgment ordered shared parental responsibility and equal timesharing in the best interest of the minor child. The final judgment also noted that Former Wife acted in bad faith by making unilateral decisions regarding the minor child's medical care and engaged in vexatious litigation by pursuing frivolous and non-meritorious claims. Due to Former Wife's alleged vexatious litigation, the court awarded Former Husband attorney's fees under section 61.16, Florida Statutes (2020), and *Rosen v. Rosen*, 696 So. 2d 697 (Fla. 1997), but made no findings regarding the parties' ability to pay and need.

Given Former Wife's gross income and Former Husband's imputed income, the trial court found that Former Wife had a monthly child support obligation of $275.00. The trial court also found that Former Husband had paid $1,277.50 in supervised visitation fees, $4,840.00 for a parenting course, and $2,400.00 in voluntary child support to Former Wife. Therefore, Former Husband received a credit for all retroactive child support, totaling $8,517.50, with all supervision costs offset against any retroactive child support payments awarded in the final judgment.

Former Wife moved for rehearing and, after the original trial judge left the case, the successor judge denied the motion in part and granted a limited rehearing on recalculation of child support. The court credited Former Wife with monthly expenses of $728.00 in childcare and $115.00 in medical insurance, thereby reducing her monthly child support obligation from $275.00 to $77.00 to be paid going forward from the date of the amended judgment. This appeal follows.

**Attorney's Fee Award**

"Orders on attorneys' fees are reviewed for an abuse of discretion." *Henry v. Henry*, 191 So. 3d 995, 999 (Fla. 4th DCA 2016). "However, to the extent that a trial court's order on fees is based on its interpretation of the law, the standard of review is de novo." *Hahamovitch v. Hahamovitch*, 133 So. 3d 1020, 1022 (Fla. 4th DCA 2014).

In *Rosen*, the Florida Supreme Court held that section 61.16 allowed the consideration of secondary factors "such as the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass . . . ; and the existence and course of prior or pending litigation." 696 So. 2d at 700. Although the trial court may consider secondary

factors, it must also make findings as to the parties' respective need and ability to pay to award fees under section 61.16. *See Maio v. Clarke*, 255 So. 3d 369, 372 (Fla. 4th DCA 2018) (finding *Rosen* fees were not permitted as a sanction when the trial court failed to determine the receiving spouse's need); *see also Hallac v. Hallac*, 88 So. 3d 253, 259 (Fla. 4th DCA 2012) (finding that *Rosen* cannot "be applied to an award of attorney's fees in favor of the spouse with the greater financial ability to pay").

"However, trial courts have the inherent authority to prevent vexatious litigation by awarding fees without such findings." *Henry*, 191 So. 3d at 999 (citation omitted). "Under the inequitable conduct doctrine, the trial court may award attorney's fees as a sanction where one party has exhibited egregious conduct or acted in bad faith." *Hahamovitch*, 133 So. 3d at 1025. "Such awards are rarely applicable and should be reserved for extreme cases in which a party litigates vexatiously and in bad faith." *Hallac*, 88 So. 3d at 259. "If an award is made under this authority, the trial court must make express findings of bad faith, including supporting facts, which would justify the award." *Henry*, 191 So. 3d at 999.

The trial court erred when it awarded Former Husband fees for Former Wife's allegedly vexatious litigation under *Rosen*. *See Hahamovitch*, 133 So. 3d at 1022. Although *Rosen* allows fees for overlitigation, the trial court failed to make any findings regarding the parties' ability to pay and need, which are required to grant fees under section 61.16. *See Henry*, 191 So. 3d at 999. Without meeting this primary criterion, the trial court could not award fees against a vexatious litigant under *Rosen*. *See Maio*, 255 So. 3d at 372.

The final judgment also failed to make the appropriate factual findings that could support a vexatious litigation fee award under the inequitable conduct doctrine. *See Henry*, 191 So. 3d at 999. The record shows the trial court found that Former Wife acted in bad faith only by making unilateral decisions regarding the minor child's medical care. In sum, the trial court did not make express findings that Former Wife litigated in bad faith—only that some of her positions were unfounded. *See Hallac*, 88 So. 3d at 259. Additional factual findings were needed for us to ratify the conclusion that Former Wife litigated vexatiously. *See Hahamovitch*, 133 So. 3d at 1025.

**Child Support Award**

"The standard of review for a child support award is abuse of discretion." *Smith v. Loffredo-Smith*, 230 So. 3d 898, 899 (Fla. 4th DCA 2017). "A trial court abuses its discretion when it fails to award retroactive

support . . . when there is a need for child support and an ability to pay." *Johnson v. Johnson,* 297 So. 3d 700, 704 (Fla. 1st DCA 2020) (quoting *Leventhal v. Leventhal,* 885 So. 2d 919, 920 (Fla. 3d DCA 2004)).

Retroactive child support may be awarded for a time up to two years prior to the filing of the petition. *See* § 61.30(17), Fla. Stat. (2018). "Further, a court may award retroactive child support where the child has needs and the parent has the corresponding ability to pay." *Williams v. Gonzalez,* 294 So. 3d 941, 945 (Fla. 4th DCA 2020).

"[T]he trial court should normally treat the costs of supervision as part of the child support calculations." *Moore v. Yahr,* 192 So. 3d 544, 545 (Fla. 4th DCA 2016). Therefore, the trial court erred when it held that all supervision costs should be offset against retroactive child support payments in the final judgment. *See Williams,* 294 So. 3d at 945. Here, the trial court should have treated the cost of supervision as part of the child support calculation and only offset half of that amount when awarding retroactive child support. *See Moore,* 192 So. 3d at 545.

Former Wife also argues that the trial court erred when it amended its child support award to operate prospectively but did not correct it for the three months between the issuance of the final judgment and the motion for rehearing. We agree. The child support correction should have been made retroactive to the date the final judgment was issued. *See Nierenberg v. Nierenberg,* 758 So. 2d 1179, 1180 (Fla. 4th DCA 2000) ("When child support is modified, retroactivity is the rule rather than the exception.").

**Conclusion**

We reverse the trial court's award of attorney's fees to Former Husband and reverse on the issue of the child support calculation. We remand for the trial court to reconsider whether a basis exists for Former Husband's attorney's fees award for vexatious litigation, and to correct the child support calculation in accordance with this opinion. We affirm on all other issues without comment.

*Affirmed in part, reversed in part and remanded.*

DAMOORGIAN and CIKLIN, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

4